■ AGOSTINO G. PAESE, Appellant, v PATRICK D. PILLA, as Mayor of the Village of Tarrytown, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner to the position of village engineer, which position had been abolished, petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County, dated January 20, 1977, which, *inter alia,* granted respondents' motion to dismiss the petition and dismissed the proceeding. Order and judgment reversed, on the law, with $50 costs and disbursements, petition reinstated, and proceeding remitted to the Special Term for a hearing in accordance herewith. The respondent board of trustees had a right to abolish the position of village engineer if it acted in good faith. However, the prior actions of the board towards the petitioner-appellant require that a full hearing be held to determine if it did act in good faith in abolishing the position for economic reasons. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ HELEN WALSH, Appellant, v THOMAS M. WALSH, Respondent.—In a habeas corpus proceeding, the appeal is from an order of the Family Court, Suffolk County, dated June 11, 1976, which denied a motion for an award of counsel fees. Order affirmed, without costs or disbursements. Petitioner concedes, and the record clearly indicates, that the habeas corpus proceeding was discontinued by the parties after they reached an agreement between themselves and that no final determination was ever made by the Family Court. Subdivision (b) of section 237 of the Domestic Relations Law indicates that, in the absence of such a final determination, the court does not possess the power to direct the payment of counsel fees. The above-indicated procedure does not preclude the institution of a plenary suit. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ In the Matter of JOHN A. COOPER, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent authority, dated January 9, 1976 and made after a hearing, which found petitioner guilty of certain charges and terminated his employment. Determination confirmed and proceeding dismissed on the merits, with $50 costs and disbursements. We find that there was substantial evidence to support the findings of the petitioner's guilt and that the measure of the punishment imposed did not constitute an abuse of discretion (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, J. P., Latham, Margett and Suozzi, JJ., concur.