■ AGOSTINO G. PAESE, Respondent, v PATRICK D. PILLA, as Mayor of the Village of Tarrytown, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel petitioner's reinstatement to the position of village engineer, which position had been abolished, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 17, 1979, which, *inter alia,* ordered petitioner's reinstatement. Judgment reversed, on the law and the facts, with costs, and proceeding dismissed on the merits. Pursuant to the remittitur by this court *(Paese v Pilla,* 59 AD2d 701), a hearing was held before Special Term to determine if the board of trustees had acted in good faith in abolishing the petitioner's position as village engineer. Contrary to the decision at Special Term (Beisheim, J.), we find no basis in the record for a finding of bad faith. The evidence shows that the board's sole object was to achieve cost savings, and such economic motivation constitutes a good faith ground for abolishing a civil service position (see *Matter of Westchester County Civ. Serv. Employees Assn. v Cimino,* 58 AD2d 869, affd 44 NY2d 985; *Matter of Dougherty v Makowski,* 49 AD2d 424, app dsmd 41 NY2d 899). Mollen, P. J., Lazer, Cohalan and Margett, JJ., concur.

■ IDA ROTHSTEIN et al., Respondents, v BERNARD N. GRAYSON, Appellant.—In a dental malpractice action, defendant appeals from an order of the Supreme Court, Kings County, entered April 25, 1980, which denied his motion pursuant to CPLR 3012 (subd [b]) to dismiss the action for failure to serve a complaint. Order reversed, on the law, with $50 costs and disbursements, and motion granted. The delay of more than one year in serving a complaint after demand was made was not adequately explained by counsel's affirmation, which noted his clients' residence in the State of New Jersey and their inability to recall the exact dates of treatment. Moreover, the merit of the claim was not established by mere submission of an unsworn dentist's report describing plaintiff Ida Rothstein's injuries without establishing their cause. Under the circumstances, dismissal was required (see *Barasch v Micucci,* 49 NY2d 594). Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.