OPINION OF THE COURT
Con. G. Cholakis, J.
This is an article 78 proceeding brought by the petitioner following the termination of his civil service position with the New York State Department of Environmental Conservation. The proceeding challenges a determination of the Civil Service Commission which, in effect, rejected the petitioner’s argument that, upon the abolishment of his position, he was entitled to displace certain other employees.
In issue is section 80 of the Civil Service Law which sets forth the procedures to be followed in suspending or demoting employees when positions in the competitive class are abolished, suspended or otherwise altered. Basically, the statute directs that a suspended employee, such as the petitioner, has a right to have suspension made in the inverse order of original appointment on a permanent basis among those employees holding the same or similar *1073 positions in his lay-off unit. Additionally, section 80 of the Civil Service Law provides for displacement rights for a suspended employee. Included in displacement rights are those commonly referred to as “vertical bumping” and “retreat”. Vertical bumping is the right of a suspended employee to displace the employee having the least seniority in the next lower occupied title in the direct line of promotion in the same lay-off unit, providing the person seeking to displace has longer continuous service. Retreat occurs only when there is no lower level occupied position in a direct line of promotion. In such a case, the suspended employee is entitled to displace the person with the shortest continuous service in the title in which the displacing person last served on a permanent basis.
At the time of petitioner’s suspension, he held the position of senior aquatic biologist, grade 18, in the Albany layoff unit. There were no other senior aquatic biologists and, therefore, there was no less senior person in that title to be suspended before the petitioner. Similiarily, and as the petitioner admits, there were no positions available for him to exercise his vertical displacement rights. The petitioner, however, claims that he is entitled to appointment to a position by retreating, and it is here that the issue in controversy is found.
As noted, subdivision 6 of section 80 of the Civil Service Law outlines retreat rights and gives a suspended employee who has no vertical displacement rights the right to displace a person holding a position in the title in which the suspended employee last served. Additionally, 4 NYCRR 5.5 (f) states: “(f) Retreat where title of position has been changed. A permanent incumbent who has been suspended or displaced shall be allowed to retreat to a position in which he last served even though the title of such position has been changed; provided, however, that there has been no substantial change in duties.”
It is the respondents’ position that in view of the above statute and regulation, the petitioner’s retreat rights would be limited to a position known as conservation biologist (aquatic), grade 14. Unfortunately for the petitioner, no position in this title exists in the Albany lay-off unit and, therefore, it is reasoned again that there is no *1074 position available for the petitioner. The petitioner, however, notes that the grade 14 job title, conservation biologist, is divided into five parenthetics: aquatic, wildlife, marine, extension and ecology. He argues that he should be allowed to displace any employee in the Albany lay-off unit haying less seniority than he in any of these parenthetical conservation biologist titles.
The court cannot agree with the petitioner’s position. The Department of Civil Service has uniformly taken the position that different parenthetics are different positions in a lay-off situation. The statute has been uniformly interpreted accordingly and the noted regulation reflects such interpretation. The interpretation has been found to be reasonable and appropriate (Matter of Finger v Bahou, 86 Misc 2d 540; see, also, Matter of Moreland v Bahou, 61 AD2d 1093). Additionally, a strong argument is made that a different interpretation would produce chaotic results.
Based upon the above, the court must conclude that there has been a rational basis for the administrative determination. The judicial function, it is to be recalled, is exhausted when a rational basis is found for the statutory interpretation of the administrative body which is entrusted to administer the statute in question (Matter of Howard v Wyman, 28 NY2d 434). The conclusion reached causes discussion of other issues to be unnecessary.
The petition, accordingly, is dismissed.