■ In the Matter of GARY A. JOHNSTON et al., Petitioners, and ELMAR KIEFER et al., Respondents, v TOWN OF EVANS et al., Appellants.—Judgment, insofar as appealed from, unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Respondents appeal from that part of a CPLR article 78 judgment which reinstated petitioners Kiefer, Forge and Zoda, with back pay, to their former competitive civil service positions with the Town of Evans. Respondents, a new Democratic majority, abolished petitioners' positions by resolution at their organizational meeting on January 1, 1984, for what they contended were reasons of economy. Petitioners argued that their positions were impermissibly abolished for political reasons.

Respondents argue that the action of the Town Board was legislative rather than administrative, and that a declaratory judgment action rather than an article 78 proceeding was the appropriate vehicle for review. That argument is without

merit *(see, Press v County of Monroe,* 50 NY2d 695, 703-704; *Matter of Seifried v Town of Clarkstown,* 23 AD2d 795, *lv denied* 16 NY2d 485).

The court erred in failing to scrutinize the petitions individually. Each petitioner had the burden of proving that his or her position was not abolished in good faith *(Matter of O'Donnell v Kirby,* 112 AD2d 936), and that respondents had abolished petitioners' positions and employed other persons under different titles who were performing substantially the same services *(see, Matter of Wipfler v Klebes,* 284 NY 248, 255).

We find that the court erred in reinstating petitioners Zoda and Forge to their former positions, and the court's order with respect to them must be reversed. Petitioner Zoda, whose main duty was to operate an obsolete hand switchboard, presented no proof that anyone else had been hired to perform substantially similar services. Petitioner Forge presented proof that additional part-time help was hired after her position of assessment clerk was abolished: in 1983, $1,000 was spent for part-time help, while in 1984, $4,000 was spent. However, there was evidence of total cost savings in the assessment department in the amount of close to $13,000. This evidence constituted sufficient cost savings to justify abolishing the position for economic reasons, and that petitioner Forge, therefore, has not met her burden of proving that her position was abolished in bad faith using economic justification as a subterfuge.

The court's order reinstating petitioner Kiefer to his former position as town accountant should be affirmed. Keifer has proved that· respondents' claim of economic justification for abolishing the position of town accountant was a subterfuge, based on evidence that a new position of director of finance was created; that Supervisor Cook testified that the new employee performed 70% to 75% of Kiefer's former duties; that outside accountants were needed to perform some of Kiefer's former duties; and that the net financial savings to the town after abolishing his position amounted to only about $3,250.

We have examined respondents' remaining arguments and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Dadd, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Pine and Balio, JJ.