■ In the Matter of ROBERT E. JOHNSON, Respondent, v BOARD OF EDUCATION OF THE CITY OF JAMESTOWN, Appellant.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in annulling the action of the Board of Education of the City of Jamestown and in granting the relief requested by the petitioner in this CPLR article 78 proceeding.

A public employer of persons holding competitive civil service positions may, in the absence of bad faith, fraud, or

collusion, abolish such positions in the interests of economy and efficiency *(see, Matter of Saur v Director of Creedmoor Psychiatric Center,* 41 NY2d 1023, 1024; *Matter of Piekielniak v Axelrod,* 92 AD2d 968, 969, *lv denied* 59 NY2d 603; *see also, Matter of Young v Board of Educ.,* 35 NY2d 31, 34; *Matter of Currier v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.,* 80 AD2d 979). To challenge such action successfully, petitioner bears the burden of proving that the abolition of that position was brought about in bad faith or in an effort to circumvent the Civil Service Law *(see, Matter of Aldazabal v Carey,* 44 NY2d 787, 788; *Matter of Piekielniak v Axelrod, supra).*

Petitioner failed to show that the Board was motivated by bad faith when it abolished his position. He merely asserts in conclusory fashion that a less senior supervisor was retained while he, a more senior supervisor, was demoted. The Board proved, through affidavits and documentary evidence, that petitioner's job of maintenance supervisor as well as the job of warehouse supervisor were abolished at the same time in the interests of economy and efficiency, as part of a complete reorganization of the buildings and grounds functions in the school district.

Petitioner's allegations that a supervisory position was created for a less senior employee is belied by the record. At the same time that petitioner's position was abolished, the position of custodial supervisor became vacant due to retirement. This position is a separate and distinct civil service classification from that of maintenance supervisor, so neither petitioner nor the less senior man had any "seniority" claim to that position *(see, Matter of Crow v Ambach,* 96 AD2d 642; *Bouton v New York State Dept. of Civ. Serv.,* 110 Misc 2d 1072, 1074). This position will be filled by civil service appointment following a competitive examination. The Board is empowered to appoint a temporary replacement without regard to eligibility lists until the position can be filled by competitive appointment *(see,* Civil Service Law § 64). (Appeal from judgment of Supreme Court, Chautauqua County, Ricotta, J.—art 78.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.