■ In the Matter of PAUL CONIGLIO, Respondent, v DAN FALASCO, as Commissioner of the Department of Planning and Development of the Town of Babylon, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Planning and Development of the Town of Babylon, dated February 19, 1988, the appeal is from a judgment of the Supreme Court, Suffolk County (Leis, J.), entered May 4, 1988, which, after a jury trial pursuant to CPLR 7804 (h), is in favor of the petitioner Paul Coniglio, reinstating him as a probationary senior building inspector in the Town of Babylon, and awarding him $26,176.75 plus costs.

Ordered that the judgment is affirmed, without costs or disbursements.

The appellants contend that it was error for the trial court to allow the case to go to the jury because the petitioner had failed to carry his burden of establishing he was discharged in bad faith. We disagree.

The termination of employment of a probationary employee without a statement or a hearing must be upheld unless there is a demonstration that the dismissal was violative of the Constitution, illegal, or made in bad faith *(see, Matter of York v McGuire,* 63 NY2d 760, 761; *Matter of Dozier v New York*

*City,* 130 AD2d 128). The burden of proof is on the employee *(see, Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.,* 62 NY2d 897).

The petitioner presented evidence that, on at least one occasion, the appellants had withheld his pay for failure to return approximately $11,000 of termination pay he received when he resigned as Commissioner of the Department of Building and Grounds (he had been contesting the authority of the town to order him to return the money). The petitioner alleged that his failure to return this money was the real reason for his dismissal. Furthermore, the petitioner had received a favorable eight-week evaluation from the chief building inspector, whose job it was to evaluate building inspectors. A subsequent evaluation by the acting commissioner of the Department of Planning and Development of the Town of Babylon was unfavorable. However, it was not customary for a commissioner of the Department of Planning and Development to make an evaluation and here the unfavorable evaluation was made on the same day as the petitioner's notice of dismissal. Further, by the acting commissioner's own admission, he lacked any personal knowledge or basis in fact for his evaluation. Thus, we find that the petitioner made out a case of bad faith sufficient to be submitted to the jury.

We have examined the appellants' remaining contentions and we find them to be without merit. Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.