■ In the Matter of PAUL J. NOTO et al., Respondents, v JOSEPH P. FRAIOLI et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Mamaroneck dated April 2, 1990, which abolished the offices of Village Attorney and Village

Prosecutor, Joseph P. Fraioli, Beth Hofstetter, Kate Weingarten, and June Ottinger appeal from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered July 11, 1990, which granted the petition and annulled the determination.

Ordered that the appeal by Joseph P. Fraioli and June Ottinger is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing in accordance herewith.

The Supreme Court annulled the resolution of the Board of Trustees of the Village of Mamaroneck which abolished the offices of Village Attorney and Village Prosecutor after it found, upon the papers submitted to it, that the Board of Trustees had abolished the offices for political rather than economic reasons. However, the pleadings clearly raised an issue of fact, namely whether the Board of Trustees abolished the offices of Village Attorney and Village Prosecutor in good faith. Therefore, since the facts relating to this issue are disputed, an evidentiary hearing is required to determine if the Board of Trustees acted in good faith (see, Matter of Young v Supervisor of Town of Lloyd, 159 AD2d 828, 829; Paese v Pilla, 59 AD2d 701, affd 54 NY2d 675). Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.