■ In the Matter of LEONARD BIANCO, Appellant, v ARTHUR PITTS et al., Respondents. [607 NYS2d 78] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Babylon dated January 3, 1991, which abolished the position of Sanctuary Coordinator, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Rohl, J.), dated June 12, 1991, which, after a hearing, upon an order granting the respondents' application to dismiss the proceeding, dismissed the proceeding. The petitioner's notice of appeal from the order dated June 12, 1991, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

It is well settled that a public employer may abolish civil service positions for purposes of economy or efficiency (see, Matter of Aldazabal v Carey, 44 NY2d 787). A position may not, however, be abolished as a subterfuge to avoid the statutory protection afforded to civil servants before they are discharged (see, Wood v City of New York, 274 NY 155). One who challenges the abolition of a position has the burden of proving that the act was not effected in good faith (see, Matter of O'Donnell v Kirby, 112 AD2d 936; Matter of Piekielniak v Axelrod, 92 AD2d 968, 969).

Here, the record indicates that the abolition of the petition-

er's former position was the result of a Town reorganization plan. The civil service position of Sanctuary Coordinator in charge of Project SAFE was abolished and Project SAFE was absorbed by the Babylon Youth Institute, an independent not-for-profit organization which is operated through State and County contracts and grants. The record supports the Supreme Court's conclusion that the position was abolished for economic reasons. Further, the record does not reflect any improper motive, such as political patronage. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.