■ In the Matter of ALAN HARTMAN, Appellant, v ERIE 1 BOCES BOARD OF EDUCATION et al., Respondents. (Appeal No. 1.) [614 NYS2d 90] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner was employed in the competitive civil service position of Manager of Information Processing for respondent Erie 1 BOCES Board of Education (BOCES). At its Board meeting on September 16, 1992, BOCES abolished petitioner's position. Petitioner commenced this proceeding, alleging that BOCES was not acting in good faith when it abolished his position and that he had a right to appointment to a similar position.

Supreme Court erred in dismissing that part of the petition alleging that petitioner's position was abolished in bad faith. A public employer may in good faith abolish a civil service position for reasons of economy or efficiency *(see, Matter of Aldazabal v Carey,* 44 NY2d 787; *Matter of Wipfler v Klebes,* 284 NY 248; *Matter of Cushion v Gorski,* 174 AD2d 993, *lv dismissed* 78 NY2d 1057), but a position may not be abolished as a subterfuge to avoid the statutory protection afforded to civil servants *(see, Matter of Cushion v Gorski, supra; Switzer v Sanitary Dist. No. 7,* 59 AD2d 889, 890, *appeal dismissed* 43 NY2d 845). Petitioner presented evidence that his former duties were now being substantially performed by a person who was not appointed in accordance with the provisions of the Civil Service Law. That evidence presented a triable issue of fact whether petitioner's position was abolished in good faith *(see, Matter of Johnston v Town of Evans,* 125 AD2d 952, *lv denied* 69 NY2d 608; *Matter of O'Donnell v Kirby,* 112 AD2d 936; *Matter of Smith v Mac Murray,* 52 AD2d 637). Therefore, we remit the matter to Supreme Court for a hearing on that issue *(see,* CPLR 7804 [h]; *Matter of Cushion v Gorski, supra; Matter of Terrible v County of Rockland,* 81 AD2d 837, 838).

Petitioner, however, failed to present evidence raising a

triable question of fact whether he had a right, under Civil Service Law § 80 (1), to be appointed to the position of Data Center Manager. That position is not the "same or similar" to petitioner's former position (Civil Service Law § 80 [1]). Therefore, that part of the petition seeking an order directing respondents to appoint petitioner to the position of Data Center Manager was properly dismissed. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Article 78.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.