triable question of fact whether he had a right, under Civil Service Law § 80 (1), to be appointed to the position of Data Center Manager. That position is not the "same or similar" to petitioner's former position (Civil Service Law § 80 [1]). Therefore, that part of the petition seeking an order directing respondents to appoint petitioner to the position of Data Center Manager was properly dismissed. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Article 78.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.

■ In the Matter of ALAN HARTMAN, Appellant, v ERIE 1 BOCES BOARD OF EDUCATION et al., Defendants, and RICHARD A. SLISZ, as Commissioner of the County of Erie Department of Personnel, Respondent. (Appeal No. 2.) [614 NYS2d 355] — Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with same Memorandum as in *Matter of Hartman v Erie 1 BOCES Bd. of Educ.* (204 AD2d 1037 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Article 78.) Present —Green, J. P., Pine, Balio, Fallon and Doerr, JJ.

■ V-MART, INC., Respondent, v ARTHUR L. GAETANO, JR., Doing Business as TALLY-HO VIDEO, et al., Defendants, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 1.) [614 NYS2d 355] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Discovery.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.

■ V-MART, INC., Respondent, v ARTHUR L. GAETANO, JR., Doing Business as TALLY-HO VIDEO, et al., Defendants, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 2.) [614 NYS2d 92] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The court properly denied discovery of plaintiff's income tax returns for 1986 and 1987 *(see, Lauer's Furniture Stores v Pittsford Place Assocs.,* 190 AD2d 1054, 1055). The court should have permitted discovery of plaintiff's bank statements for the year preceding the alleged burglary and discovery of cancelled checks for the purchase of video equipment, in addition to the cancelled checks for lost tapes already ordered by the court. In addition,