■ In the Matter of BARBARA F. ROSENTHAL, Appellant, v MICHAEL K. GILROY et al., Respondents. [617 NYS2d 509] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Directors of the Nassau County Vocational Education and Extension Board dated July 14, 1992, which abolished the position of account clerk, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated April 20, 1993, which dismissed the petition.

Ordered that the judgment is reversed, with costs, and the matter is remitted to the Supreme Court for further proceedings consistent herewith.

The petitioner contends that the Supreme Court erred in dismissing her petition on the ground that there was no evidence of bad faith by the respondents in abolishing her position. We agree.

It is well-settled that a public employer may abolish civil

service positions for the purposes of economy or efficiency *(see, Matter of Aldazabal v Carey,* 44 NY2d 787; *Matter of Wipfler v Klebes,* 284 NY 248). A public employer, however, may not abolish a job position as a subterfuge to avoid the statutory protection afforded to civil servants *(see, Wood v City of New York,* 274 NY 155). It is also well-settled that one who challenges the validity of such an act has the burden of proving that the employer did not act in good faith in abolishing the position *(see, Matter of Crow v Ambach,* 96 AD2d 642; *Matter of Connolly v Carey,* 80 AD2d 936). Bad faith may be demonstrated by evidence that a newly hired person performed substantially the same duties as the discharged employee *(see, Matter of Vasquez v Town Bd.,* 72 AD2d 883; *Matter of Smith v MacMurray,* 52 AD2d 637).

The courts of this State have continually held that when there exists a triable issue of fact with regard to bad faith, a full hearing must be held *(see, Matter of McCanless v Brieant,* 19 AD2d 736; *Paese v Pilla,* 59 AD2d 701; *Matter of Hartman v Erie 1 BOCES Bd. of Educ.,* 204 AD2d 1037; *Matter of Young v Supervisor of Town of Lloyd,* 159 AD2d 828, 829; *Matter of Cushion v Gorski,* 174 AD2d 993).

Here, there was evidence of bad faith by the respondents based upon their treatment of the petitioner before her position was abolished, the fact that she was discharged just prior to vesting in the State retirement system, and, contrary to the respondents' assertions, the fact that there did not appear to be an urgent need to automate the petitioner's position. Most importantly, there was evidence that the person hired for the newly titled position performed substantially the same duties as the petitioner. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.