■ In the Matter of OLGA WEBER, Respondent-Appellant, v COUNTY OF NASSAU, Appellant-Respondent. [627 NYS2d 64] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the County of Nassau, dated August 24, 1990, terminating the petitioner's employment, the County of Nassau appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered October 13, 1993, which, after a nonjury trial, inter alia, granted the petition, and the petitioner cross-appeals from so much of the same judgment as directed a trial to determine the amount of damages to which she is entitled.

Ordered that on the Court's own motion, the respondent-appellant's notice of cross appeal is treated as an application

for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner Olga Weber was employed by the Nassau County Department of Mental Health (hereinafter the Department) as a provisional Mental Health Representative from May, 1987, until March 7, 1990, when she was appointed to the position permanently and was required to serve a 26-week probationary period. A probationary report dated August 17, 1990, rated Weber's performance as unsatisfactory, and Weber subsequently received a letter dated August 24, 1990, stating that she would be discharged. Thereafter, she commenced this CPLR article 78 proceeding against the respondent County of Nassau (hereinafter the County), seeking, *inter alia,* reinstatement to her former position and permanent status.

In her petition, Weber alleged that the County had violated Civil Service Law § 75-b by terminating her "in retaliation for disclosing violations of law, rule or regulation that presented a substantial and specific danger to the public health or safety". Specifically, she stated that during the course of her official duties, relatives of a psychiatric patient who was to be discharged from Pilgrim Psychiatric Hospital alleged that the patient had physically and sexually abused a child in the home in which the patient had previously lived and to which he would be discharged. According to Weber, she was required by Social Services Law § 413 to report these allegations to the Statewide Central Register of Child Abuse and Maltreatment but, when she informed her supervisor of her intention to do so, her supervisor instructed her not to file such a report. Weber claimed that she was discharged because of her intention to file a report of alleged child abuse.

The County denied Weber's allegations and sought dismissal of the proceeding, claiming that Weber was discharged because of unsatisfactory work performance. Although it submitted affidavits by the Commissioner of the Department stating his reasons for dismissing Weber, it submitted no documentary evidence to support its claim that her performance was unsatisfactory. Thus, the Supreme Court, Nassau County (O'Shaughnessy, J.), ordered a trial in the matter to assess the credibility of the parties. After a bench trial, the court (Murphy, J.), awarded judgment in favor of Weber, directed that she be reinstated to the position of Mental Health Representa-

tive, with back pay from the date of her termination, and directed a hearing as to the damages to which she was entitled.

Contrary to the County's contention, the court properly directed a trial as Weber raised a material issue of fact regarding whether her dismissal was in bad faith *(see, Matter of Coniglio v Falasco, 168 AD2d 680)*. Nevertheless, Weber failed to establish, under the particular facts of this case, that the Department violated Social Services Law § 413 (1), upon which her claim of a violation of Civil Service Law § 75-b was based, by refusing to permit her to immediately file a report of suspected child abuse upon learning of the allegation. Social Services Law § 413 (1) provides that certain persons, including social workers, are required to report suspected child abuse when they have reasonable cause to believe that the child coming before them is abused or the person legally responsible for the child states from personal knowledge, circumstances indicating that the child is abused. Here, the allegation of child abuse was not made by the child or by a person legally responsible for the child. Weber's supervisor advised her that it was premature to make such a report, and upon discussing the matter with hospital staff, learned that the persons who made the allegations were not members of the child's household and that there was no plan as yet to discharge the patient. Three days after the allegations were made, Pilgrim Psychiatric Hospital made a report to Child Protective Services, obviating the need for a report from the Department.

Furthermore, as Weber was a probationary employee and failed to establish at trial that her employment was terminated in bad faith, the petition should have been dismissed *(see, Matter of Johnson v Katz, 68 NY2d 649, 650)*.

In light of our determination, we need not address the petitioner's argument raised on her cross appeal. Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.