■ In the Matter of SHARON E. KLOS, Appellant, v TOWN OF BABYLON et al., Respondents. [655 NYS2d 414] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Babylon dated January 17, 1992, abolishing the petitioner's position as senior building inspector and to compel the Town of Babylon to reinstate her to that position with back pay, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered February 26, 1996, which denied the petition, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well established that a public employer may abolish civil service positions for the purposes of economy or efficiency (*see, Matter of Rosenthal v Gilroy*, 208 AD2d 748, 749; *Matter of Della Vecchia v Town of N. Hempstead*, 207 AD2d 484, 485; *Matter of Bianco v Pitts*, 200 AD2d 741; *Matter of Aldazabal v Carey*, 44 NY2d 787; *Matter of Wipfler v Klebes*, 284 NY 248). A public employer, however, may not abolish a job position as a subterfuge to avoid statutory protection afforded to civil servants (*see, Matter of Rosenthal v Gilroy, supra,* citing *Wood v City of New York*, 274 NY 155; *Matter of Della Vecchia v Town of N. Hempstead, supra; Matter of Bianco v Pitts, supra*). It is also well settled that the one who challenges the validity of such an act has the burden of proving that the employer did not act in good faith in abolishing the position (*see, Matter of Rosenthal v Gilroy, supra; Matter of Della Vecchia v Town of N. Hempstead, supra; Matter of Bianco v Pitts, supra; Matter of Crow v Ambach*, 96 AD2d 642; *Matter of Connolly v Carey*, 80 AD2d 936). Here, the Supreme Court properly determined that the petitioner had failed to sustain her burden of proving that her position was abolished in bad faith (*see, Matter of Della Vecchia v Town of N. Hempstead, supra; Matter of Bianco v Pitts, supra* [where record indicated that abolition of petitioner's position was result of Town reorganization plan, Supreme Court properly concluded abolishment of position was for economic reasons and not any improper motive such as political patronage]; *Matter of O'Donnell v Kirby*, 112 AD2d 936; Annotation, *Determination as to Good Faith in Abolition of Public Office or Employment Subject to Civil Service or Merit System*, 87 ALR3d 1165). Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.