■ In the Matter of JAMES R. ROSE, Appellant, v CITY OF NEWBURGH, Respondent. [658 NYS2d 986] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent City of Newburgh, effective December 31, 1994, to abolish the petitioner's position as laborer, the petitioner appeals from a judgment of the Supreme Court, Orange County (Bellantoni, J.), entered June 3, 1996, which, following a hearing, dismissed the petition. The petitioner's notice of appeal from the order dated April 9, 1996, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

It is well established that a public employer may abolish civil service positions for the purposes of economy or efficiency (see, Matter of Aldazabal v Carey, 44 NY2d 787; Matter of Rosenthal v Gilroy, 208 AD2d 748, 748-749; Matter of Della Vecchia v Town of N. Hempstead, 207 AD2d 484; Matter of Bi-

*anco v Pitts,* 200 AD2d 741). It is also well settled that the one who challenges the validity of such an act has the burden of proving that the employer did not act in good faith in abolishing the position *(see, Matter of Rosenthal v Gilroy, supra; Della Vecchia v Town of N. Hempstead, supra; Matter of Bianco v Pitts, supra; Matter of Crow v Ambach,* 96 AD2d 642; *Matter of Connolly v Carey,* 80 AD2d 936). Here, the Supreme Court properly determined that the petitioner had failed to sustain his burden of proving that the respondent did not act in good faith *(see, Matter of Della Vecchia v Town of N. Hempstead, supra; Matter of Bianco v Pitts, supra).* Miller, J. P., Ritter, Joy and Krausman, JJ., concur.