■ In the Matter of NANCY HRITZ-SEIFTS, Appellant, v TOWN OF POUGHKEEPSIE et al., Respondents. [803 NYS2d 656]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Poughkeepsie dated October 22, 2003, which abolished the position of personnel assistant, and to reinstate the petitioner to that position with back pay, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated June 30, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well established that a public employer may abolish civil service positions for the purposes of economy or efficiency (*see Matter of Aldazabal v Carey*, 44 NY2d 787 [1978]; *Bohan v County of Westchester*, 250 AD2d 796 [1998]; *Matter of Rose v City of Newburgh*, 239 AD2d 587 [1997]; *Matter of Klos v Town of Babylon*, 237 AD2d 291 [1997]; *Matter of Rosenthal v Gilroy*, 208 AD2d 748, 748-749 [1994]; *Matter of Della Vecchia v Town of N. Hempstead*, 207 AD2d 484 [1994]). It is also well settled that one who challenges the validity of such an act has the burden of proving that the employer did not act in good faith in abolishing the position (*see Matter of Rose v City of Newburgh, supra; Matter of Klos v Town of Babylon, supra; Matter of Rosenthal v Gilroy, supra; Matter of Della Vecchia v Town of N. Hempstead, supra*). The Supreme Court properly determined that the petitioner failed to sustain her burden of proving that the respondent Town Board of the Town of Poughkeepsie did not act in good faith (*see Matter of Rose v City of Newburgh, supra; Matter of Klos v Town of Babylon, supra; Matter of Rosenthal v Gilroy, supra; Matter of Della Vecchia v Town of N. Hempstead, supra*). H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.