■ In the Matter of THOMAS DZIEDZIC, as President and Principal Executive Officer of International Brotherhood of Teamsters, Local No. 264, et al., Appellants, v PATRICK M. GALLIVAN, as Sheriff of County of Erie, et al., Respondents. [814 NYS2d 454]—

Appeal from a judgment of the Supreme Court, Erie County (John P. Lane, J.), entered January 7, 2005 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the amended petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to compel respondent Patrick M. Gallivan, who was at that time the Erie County Sheriff, to certify them as eligible for retirement benefits pursuant to section 89-b and article 14-B of the Retirement and Social Security Law. Contrary to petitioners' contention, Supreme Court properly determined that the proceeding is time-barred pursuant to CPLR 217 and dismissed the amended petition. Although it appears from the amended petition that petitioners seek to compel Gallivan to perform a ministerial act, we conclude that this proceeding seeks review of a discretionary act and thus is in the nature of mandamus to review rather than to compel the performance of a ministerial act. In determining the nature of a proceeding, we must look to the substance of the relief sought (*see New York Civ. Liberties Union v State of New York*, 3 AD3d 811, 813 [2004], *affd* 4 NY3d 175 [2005], *rearg denied* 4 NY3d 882 [2005]; *see generally Matter of De Milio v Borghard*, 55

NY2d 216, 220 [1982]). "It is hornbook law that a mandamus to compel may not force the performance of a discretionary act, but rather [may force the performance of] only purely ministerial acts to which a clear legal right exists" (*Matter of Anonymous v Commissioner of Health*, 21 AD3d 841, 842 [2005]; *see Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]). Here, petitioners failed to establish that Gallivan had a ministerial duty to certify them as eligible for the relief requested (*cf. Brusco*, 84 NY2d at 679).

Because this is a proceeding in the nature of mandamus to review rather than to compel, the limitations period began to run on the date on which the determination at issue had " 'its impact' upon the petitioner[s] who [were] thereby aggrieved" (*Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]). The record establishes that petitioners' attorney wrote a letter to Gallivan dated June 11, 2003 stating that, although other deputies were certified as eligible for the retirement benefits, petitioners "have not been so certified." Thus, the record establishes that, by that date if not sooner, petitioners had been "formally, explicitly and unequivocally" informed that they were not certified as eligible for the retirement benefits they seek (*Matter of Heck v Keane*, 6 AD3d 95, 98 [2004]), and they failed to commence this proceeding within four months of that date. This proceeding therefore is time-barred pursuant to CPLR 217.

We have considered petitioners' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.