■ In the Matter of ALLISON NEUMANN et al., Appellants, v MARY ELLEN HEYMAN, as Town of Irondequoit Supervisor, et al., Respondents. [853 NYS2d 805]—

Memorandum: Petitioners commenced this CPLR article 78 proceeding alleging, inter alia, that respondents violated Civil Service Law §§ 72, 80 and 81 by placing petitioner Allison Neumann on an involuntary leave of absence and by then abolishing her position and terminating her employment. Supreme Court dismissed the petition based on the "second objection in point of law" set forth in respondents' answer, i.e., the failure of petitioners to exhaust their administrative remedies pursuant to the grievance procedures set forth in the parties' collective bargaining agreement (CBA). We agree with petitioners that the court erred in dismissing those parts of the petition asserting claims under sections 72, 80 and 81 of the Civil Service Law inasmuch as they do not concern a grievance within the meaning of the CBA, i.e., "a dispute . . . involving the interpretation or application of any provision of [the CBA]." Those claims therefore are not subject to the CBA's grievance procedure (*see Matter of Kaufmann v Board of Educ.*, 275 AD2d 890 [2000]; *Matter of Moses v Rensselaer County*, 262 AD2d 697, 699-700 [1999]; *cf. Matter of Hall v Town of Henderson*, 17 AD3d 981, 982 [2005], *lv denied* 5 NY3d 714 [2005]). Contrary to respondents' contention, we are unable to determine the merits of those statutory claims on the record before us (*see Matter of Rosenthal v Gilroy*, 208 AD2d 748, 749 [1994]; *Matter of Hartman v Erie 1 BOCES Bd. of Educ.*, 204 AD2d 1037 [1994]). Indeed, we note that respondents' submissions in opposition to those statutory claims raise triable issues of fact (*see Hartman*, 204 AD2d at 1037), and that respondents failed to address all of the allegations in those statutory claims. Present—Smith, J.P., Centra, Fahey, Peradotto and Green, JJ.