In the Matter of JANET ARNOLD et al., Respondents, v ERIE COUNTY MEDICAL CENTER CORPORATION et al., Respondents-Appellants, and COUNTY OF ERIE, Respondent. [873 NYS2d 789]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered July 19, 2007 in a proceeding pursuant to CPLR article 78, and cross appeal by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from the order and judgment. The order and judgment, insofar as appealed from, granted the cross motion of respondent County of Erie and dismissed the petition against it and, insofar as cross-appealed from, denied the motion of respondents Erie County Medical Center Corporation, Alan Antos, Steven Bajak, Amanda General, Sean Jablonski and Matthew White to dismiss the petition against them.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by denying the cross

motion, reinstating the petition against respondent County of Erie, and granting that respondent 20 days from service of the order of this Court with notice of entry to serve and file an answer and as modified the order and judgment is affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination that created the position of senior technical assistant and abolished the position of computer operator for respondent Erie County Medical Center Corporation (ECMCC), thereby terminating petitioners from that position of employment. Petitioners appeal from an order and judgment insofar as it granted the cross motion of respondent County of Erie (County) to dismiss the petition against it, and ECMCC and the individual respondents (collectively, ECMCC respondents) cross-appeal from the order and judgment insofar as it denied their motion to dismiss the petition against them.

Addressing first the County's cross motion, we agree with petitioners that Supreme Court erred in granting it. We therefore modify the order and judgment accordingly. Contrary to the contention of the County, the proceeding against it was not time-barred. A CPLR article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). "An agency determination is final . . . when the petitioner is aggrieved by the determination[, i.e., when] . . . the agency has issued an unambiguously final decision that puts the petitioner on notice that all administrative appeals have been exhausted" (*Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000]; *see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194-195 [2007]; *Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]). Thus, in determining the issue of timeliness, we must first identify the administrative action or determination to be reviewed, and we must then determine when petitioners were first aggrieved thereby (*see Matter of Properties of N.Y., Inc. v Planning Bd. of Town of Stuyvesant*, 35 AD3d 941, 942-943 [2006]; *Matter of Dziedzic v Gallivan*, 28 AD3d 1087, 1088 [2006]).

Here, the relevant administrative determination for statute of limitations purposes is the County's determination that the computer operator position was not comparable to the newly-created senior technical assistant position. In the context of its cross motion, the County failed to meet its burden of establishing that it provided petitioners with notice of its determination more than four months prior to petitioners' commencement of

this proceeding (*see Matter of Vadell v City of New York Health & Hosps. Corp.*, 233 AD2d 224, 225 [1996]). Although the County had the final authority to classify employment positions with ECMCC, it sought advice from the New York State Department of Civil Service Testing Services Division (Testing Services Division) to review the classifications of computer operator and senior technical assistant in order to determine whether the computer operators were entitled to automatic certification in the new title of senior technical assistant. Although petitioners were notified by the Testing Services Division on October 31, 2006 and November 14, 2006 that the position of computer operator was not comparable to that of a senior technical assistant, they never received any oral or written communication from the County concerning its determination. Thus, the County's determination was not final for statute of limitations purposes until petitioners were laid off from their positions, on November 22, 2006 (*see generally Matter of Heron v City of Binghamton*, 307 AD2d 524, 524-525 [2003], *lv denied* 100 NY2d 515 [2003]; *Matter of Wininger v Williamson*, 46 AD2d 689 [1974], *lv denied* 36 NY2d 648 [1975]). Petitioners timely commenced this proceeding less than four months later, on March 21, 2007. We have considered the remaining contentions of the County and conclude that they are without merit.

Contrary to the contention of the ECMCC respondents on their cross appeal, the court properly denied their motion to dismiss the petition against them. We reject the contention of those respondents that the petition against them was time-barred. The relevant determination for statute of limitations purposes with respect to the ECMCC respondents is the determination of ECMCC to create the new position of senior technical assistant and to terminate petitioners from their positions as computer operators. Although petitioners were aware that ECMCC created the new position before November 22, 2006, they were not aware that they were being terminated from their employment until that day, and the petition was therefore timely.

Contrary to the further contention of the ECMCC respondents, there are triable issues of fact with respect to whether ECMCC acted in bad faith in terminating petitioners, thus precluding dismissal of the petition against them. "It is well established that a public employer may abolish civil service positions for the purposes of economy or efficiency" (*Matter of Hritz-Seifts v Town of Poughkeepsie*, 22 AD3d 493 [2005]), but it may not act in bad faith in doing so (*see Matter of Johnson v Board of Educ. of City of Jamestown*, 155 AD2d 896 [1989]), nor

may it abolish positions " 'as a subterfuge to avoid the statutory protection afforded civil servants before they are discharged' " (*Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d 641, 642 [2007]; *see Matter of Hartman v Erie 1 BOCES Bd. of Educ.*, 204 AD2d 1037 [1994]). " 'Bad faith may be demonstrated by evidence that a newly hired person performed substantially the same duties as the discharged employee' " (*Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO*, 39 AD3d at 642).

A petitioner challenging the abolition of his or her position must establish that the employer in question acted in bad faith (*see Matter of Aldazabal v Carey*, 44 NY2d 787 [1978]; *Hritz-Seifts*, 22 AD3d 493 [2005]; *Johnson*, 155 AD2d at 897). Here, however, the ECMCC respondents moved to dismiss the petition against them and they therefore had the initial burden of establishing that ECMCC abolished the position of computer operator for the purposes of economy or efficiency and acted in good faith in doing so. In support of their motion, the ECMCC respondents submitted evidence establishing that ECMCC abolished the position to increase efficiency and that the new position required more experience and skills than the abolished position. In addition, individuals employed in the new position required the ability to handle a higher percentage of problems that may arise. In opposition to the motion, however, petitioners raised a triable issue of fact by submitting affidavits in which they stated that computer operators performed the same duties as senior technical assistants, that they were qualified for the new position, and that they were laid off solely because of their ongoing conflict with management (*see Hartman*, 204 AD2d 1037 [1994]; *Matter of Terrible v County of Rockland*, 81 AD2d 837 [1981]; *see also Matter of Archer v Town of Wheatfield*, 300 AD2d 1108 [2002]).

We have considered the remaining contentions of the ECMCC respondents and conclude that they are without merit. Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.