■ In the Matter of RICHARD DiSANZA, Appellant, v TOWN BOARD OF TOWN OF CORTLANDT et al., Respondents. [933 NYS2d 877]—

A public employer may abolish civil service positions for the purpose of economy or efficiency (*see Matter of Hritz-Seifts v Town of Poughkeepsie*, 22 AD3d 493 [2005]; *Matter of Rose v City of Newburgh*, 239 AD2d 587 [1997]). One who challenges the validity of such an act has the burden of proving that the employer did not act in good faith in abolishing the position (*see Matter of Hritz-Seifts v Town of Poughkeepsie*, 22 AD3d at 493; *Matter of Rose v City of Newburgh*, 239 AD2d at 588; *Matter of Rosenthal v Gilroy*, 208 AD2d 748, 749 [1994]; *see also Matter of Aldazabal v Carey*, 44 NY2d 787, 788 [1978]). Here, the Supreme Court properly determined that the petitioner failed to sustain his burden of proving that the Town Board of the Town of Cortlandt did not act in good faith (*see Matter of Hritz-Seifts v Town of Poughkeepsie*, 22 AD3d at 493; *Matter of Rose v City of Newburgh*, 239 AD2d at 588; *see also Matter of Linney v City of Plattsburgh*, 49 AD3d 1020, 1021-1022 [2008]).

Moreover, the petitioner's contention that the Town Board of the Town of Cortlandt violated Civil Service Law § 75-b is without merit, as the record contains no evidence that the petitioner's position was eliminated in retaliation for whistle-blowing activities (*see* Civil Service Law § 75-b [2] [a]; *Suarez v New York City Dept. of Probation*, 268 AD2d 203 [2000]).

Contrary to the petitioner's contention, he failed to raise a triable issue of fact that would have necessitated a hearing (*see* CPLR 7804 [h]; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d 641, 643 [2007]; *cf. Matter of Weber v County of Nassau*, 215 AD2d 567, 569 [1995]).

The petitioner's remaining contention is not properly before this Court, as it is raised for the first time on appeal (*see Dance Magic, Inc. v Pike Realty, Inc.*, 85 AD3d 1083, 1089 [2011]). Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.