■ In the Matter of Isabel Eugenio, Appellant, v City of Yonkers, New York, et al., Respondents. [943 NYS2d 908]—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent City Council of the City of Yonkers, effective June 30, 2010, which abolished the position of Clerk II Spanish Speaking, and to reinstate the petitioner to that position with back pay, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), dated March 23, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"[A] public employer may abolish civil service positions for the purposes of economy or efficiency" (*Matter of Hritz-Seifts v Town of Poughkeepsie*, 22 AD3d 493, 493 [2005]; *see Matter of DiSanza v Town Bd. of Town of Cortlandt*, 90 AD3d 659, 659 [2011]; *Matter of Rose v City of Newburgh*, 239 AD2d 587, 587 [1997]). "One who challenges the validity of such an act has the burden of proving that the employer did not act in good faith in abolishing the position" (*Matter of DiSanza v Town Bd. of Town of Cortlandt*, 90 AD3d at 659; *see Matter of Hritz-Seifts v Town of Poughkeepsie*, 22 AD3d at 493; *Matter of Rose v City of Newburgh*, 239 AD2d at 588; *Matter of Rosenthal v Gilroy*, 208 AD2d 748, 749 [1994]; *see also Matter of Aldazabal v Carey*, 44 NY2d 787, 788 [1978]). Here, the Supreme Court properly determined that the petitioner failed to sustain her burden of proving her position was abolished in bad faith (*see Matter of DiSanza v Town Bd. of Town of Cortlandt*, 90 AD3d at 659; *Matter of Hritz-Seifts v Town of Poughkeepsie*, 22 AD3d at 493; *Matter of Rose v City of Newburgh*, 239 AD2d at 587; *Matter of Della Vecchia v Town of N. Hempstead*, 207 AD2d 484, 485 [1994]).

Denial of the petitioner's request for leave to conduct a deposition was appropriate. The submissions in opposition to the petition were sufficient to credibly support the determination to abolish the petitioner's position and, under the circumstances, the petitioner's request for further inquiry amounted to "no more than an expression of hope insufficient to warrant deferral of judgment" (*Price v New York City Bd. of Educ.*, 51 AD3d 277, 293 [2008]).

The petitioner's remaining contention is without merit. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.