■ In the Matter of ANTONIETTA COLABELLA, Appellant, v TOWN OF EASTCHESTER et al., Respondents. [18 NYS3d 165]—

In a proceeding pursuant to CPLR article 78, inter alia, to annul a determination of the Town of Eastchester and/or the Town Board of the Town of Eastchester which abolished the petitioner's civil service position, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Hubert, J.), entered October 7, 2013, which, without a hearing, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, denying the petition and dismissing the proceeding insofar as asserted against the respondents the Town of Eastchester and the Town Board of the Town of Eastchester; as so modified, the judgment is affirmed, with one bill of costs to the petitioner, payable by the respondents the Town of Eastchester and the Town Board of the Town of Eastchester, and one bill of costs to the respondent Westchester County Department of Human Resources, payable by the petitioner, the proceeding is reinstated insofar as asserted against the respondents the Town of Eastchester and

the Town Board of the Town of Eastchester, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The petitioner challenges a determination of the Town of Eastchester and/or the Town Board of the Town of Eastchester (hereinafter the Town Board) which abolished her full-time civil service position as a parking enforcement officer. It is undisputed that in 2011, the Town hired four new part-time parking enforcement officers. Those part-time employees were not required to take a civil service examination, and were not represented by a union. The petitioner's position was abolished on January 1, 2012.

As the petitioner contends, the Supreme Court erred in denying the petition without a hearing, as against the Town and Town Board. Pursuant to article V, § 6, of the New York Constitution, "[a]ppointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive."

In light of NY Constitution, article V, § 6, a public employer may abolish a civil service position when the "discontinuance of the position would promote efficiency and economy," provided that the employer acts in good faith (*Matter of Wipfler v Klebes*, 284 NY 248, 254 [1940]; *see Matter of Aldazabal v Carey*, 44 NY2d 787, 788 [1978]; *Matter of Wayne v Vogel*, 20 NY2d 901, 903 [1967]; *Matter of Chandler v Village of Spring Val.*, 104 AD3d 847, 849 [2013]; *Matter of Eugenio v City of Yonkers, N.Y.*, 95 AD3d 1212 [2012]; *Matter of DiSanza v Town Bd. of Town of Cortlandt*, 90 AD3d 659 [2011]). The Court of Appeals has stated that "[a] public employer may abolish civil service positions for the purpose of economy or efficiency, 'as long as the position is not abolished as a subterfuge to avoid statutory protection afforded civil servants before they are discharged' " (*Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d 641, 642 [2007] [citations omitted], quoting *Matter of Della Vecchia v Town of N. Hempstead*, 207 AD2d 484, 484-485 [1994]). Where a public employer has abolished a civil service position, an employee challenging that determination has the burden of proving that the employer engaged in a bad faith effort to circumvent the Civil Service Law (*see Matter of Aldazabal v Carey*, 44 NY2d at 788; *Matter of Wipfler v Klebes*, 284 NY at 255; *Matter of Chandler v Village of Spring Val.*, 104 AD3d at 849; *Matter of Rosenthal v Gilroy*, 208 AD2d 748, 749 [1994]).

Here, it is undisputed that four new part-time parking enforcement officers were hired in 2011; one of those employees was hired in October 2011, only a month before the petitioner was informed that her position would likely be abolished. Further, the Town and Town Board submitted no evidence as to whether the decision to abolish the petitioner's position was made by Town Board resolution, or by some other means. Pursuant to the doctrine of legislative equivalency, a civil service position "created by a legislative act can only be abolished by a correlative legislative act" (*Matter of Torre v County of Nassau*, 86 NY2d 421, 426 [1995]; *see Matter of Civil Serv. Empls. Assn., Inc. v County of Orange*, 107 AD3d 983, 985 [2013]). Here, the record does not indicate the specific mechanism by which the petitioner's position was abolished. Additionally, although the Town submitted some evidence showing that it undertook various cost-cutting measures in connection with its 2012 budget, the record contains no evidence as to any legislative or other deliberations underlying the determination at issue here.

Under these circumstances, the evidence raised issues of fact warranting a hearing as to whether the petitioner's position was abolished in a bad faith effort to circumvent the Civil Service Law, and as to whether her position was abolished in conformity with the doctrine of legislative equivalency (*see Matter of Neumann v Heyman*, 49 AD3d 1336 [2008]; *Matter of Rosenthal v Gilroy*, 208 AD2d 748 [1994]; *Matter of Hartman v Erie 1 BOCES Bd. of Educ.*, 204 AD2d 1037 [1994]; *see also Matter of Chandler v Village of Spring Val.*, 104 AD3d at 849).

The Town and Town Board assert that the petitioner may not properly raise claims regarding alleged violations of the Taylor Law (*see* Civil Service Law art 14), or as to certain job classification determinations made by the Westchester County Department of Human Resources. However, the petitioner raises no such claims in the petition. The petitioner was not required to exhaust administrative remedies prior to bringing this proceeding, as this case does not involve a matter within the scope of the grievance provisions of the applicable collective bargaining agreement (*see Matter of Neumann v Heyman*, 49 AD3d 1336 [2008]).

The Supreme Court erred in dismissing the petition insofar as asserted against the Town and Town Board on the alternative ground of non-joinder of a necessary party (*see* CPLR 1001; *see also Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc.*, 129 AD3d 885 [2015]; *Matter of TransGas Energy Sys., LLC v New York State Bd. on Elec. Generation Siting & Envt.*, 65 AD3d 1247, 1249-1250 [2009]).

However, the petition was properly dismissed insofar as asserted against the Westchester County Department of Human Resources based on the failure to state a cause of action against that respondent (*see* CPLR 7803). Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.