Matter of Burdick v Bath Cent. Sch. Dist. (2022 NY Slip Op 07366)

Matter of Burdick v Bath Cent. Sch. Dist.

2022 NY Slip Op 07366

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

862 CA 21-01171

[*1]IN THE MATTER OF MARGARET A. BURDICK, PETITIONER-APPELLANT,
v
BATH CENTRAL SCHOOL DISTRICT, BATH CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION AND JOSEPH L. RUMSEY, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, RESPONDENTS-RESPONDENTS. 

TABNER, RYAN & KENIRY, LLP, ALBANY (WILLIAM F. RYAN, JR., OF COUNSEL), FOR PETITIONER-APPELLANT. 
FERRARA FIORENZA P.C., EAST SYRACUSE (CHARLES C. SPAGNOLI OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered July 21, 2021. The judgment denied the motion of petitioner for summary judgment and granted the motion of respondents Bath Central School District and Bath Central School District Board of Education for summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, in her first cause of action, asserted pursuant to CPLR article 78, seeks to annul a determination abolishing her position as business administrator for respondent Bath Central School District (District) and outsourcing her role to nonparty Greater Southern Tier Board of Cooperative Educational Services (BOCES). Following the entry of an order granting in part respondents' motion seeking, inter alia, to dismiss certain claims asserted in the first cause of action, the District and respondent Bath Central School District Board of Education (collectively, District respondents) moved for, in effect, summary judgment dismissing that cause of action in its entirety, and petitioner moved for, in effect, summary judgment on the remaining parts of the first cause of action. Supreme Court denied petitioner's motion and granted the District respondents' motion. We affirm.
"It is well established that a public employer may abolish civil service positions for the purposes of economy or efficiency . . . , but it may not act in bad faith in doing so" (Matter of Arnold v Erie County Med. Ctr. Corp., 59 AD3d 1074, 1076 [4th Dept 2009], lv dismissed 12 NY3d 838 [2009] [internal quotation marks omitted]). Indeed, a public employer may not abolish positions "as a subterfuge to avoid the statutory protection afforded civil servants before they are discharged" (id. at 1077 [internal quotation marks omitted]; see Matter of Hartman v Erie 1 BOCES Bd. of Educ., 204 AD2d 1037, 1037 [4th Dept 1994]). "A petitioner challenging the abolition of his or her position must establish that the employer in question acted in bad faith" (Arnold, 59 AD3d at 1077; see Matter of Aldazabal v Carey, 44 NY2d 787, 788 [1978]; Matter of Hritz-Seifts v Town of Poughkeepsie, 22 AD3d 493, 493 [2d Dept 2005]), and such a petitioner may do so by demonstrating that the position was not eliminated for bona fide reasons, that savings were not accomplished thereby, or that a replacement employee was hired (see Matter of Ifedigbo v Buffalo Pub. Schs., 125 AD3d 1447, 1450 [4th Dept 2015], lv denied 26 NY3d 901 [2015]; Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1131 [3d Dept 2013]; Arnold, 59 AD3d at 1077). Here, petitioner alleged that the District respondents acted arbitrarily and in bad faith solely on the ground that they failed to provide any support for the purported economic reasons that were given for abolishing her position.
We conclude that the District respondents met their initial burden on their motion (see Ifedigbo, 125 AD3d at 1448-1450; see also Arnold, 59 AD3d at 1077). Their submissions established, first, that there was an economic justification for the determination to abolish petitioner's position (see generally Aldazabal, 44 NY2d at 788; Ifedigbo, 125 AD3d at 1450; Matter of Johnston v Town of Evans, 125 AD2d 952, 953 [4th Dept 1986], lv dismissed 69 NY2d 900 [1987], lv denied 69 NY2d 608 [1987], 70 NY2d 612 [1987]). Specifically, the District respondents established that they could realize substantial savings by eliminating their in-house business administrator and outsourcing those services to BOCES, and that those financial reasons—not petitioner's job performance—served as the sole basis for the decision to abolish petitioner's position. Thus, the District respondents established a bona fide reason for the challenged determination (see Ifedigbo, 125 AD3d at 1450).
Additionally, the District respondents' submissions established that sufficient savings were accomplished to justify abolishing petitioner's position and outsourcing those services to BOCES (see Johnston, 125 AD2d at 953). In particular, although the District respondents' submissions established that they would incur some additional costs during the first school year following the abolition of petitioner's position—i.e., the costs associated with retaining an interim business administrator until the agreement with BOCES was finalized—they also established that the savings they realized in the two subsequent school years by outsourcing business administration services to BOCES, which included partial reimbursement from New York State, was well in excess of the costs that were initially incurred by abolishing petitioner's position. We note that petitioner did not allege that the District respondents acted in bad faith by hiring a replacement employee who performed substantially the same services as she did and, therefore, the District respondents were not required to address that issue to meet their initial burden on their motion.
In opposition to the District respondents' motion, petitioner "failed to eliminate bona fide reasons for the elimination of [her] position, [or to] show that no savings were accomplished" by the determination to abolish her position (Ifedigbo, 125 AD3d at 1450 [internal quotation marks omitted]; see Matter of Mucci v City of Binghamton, 245 AD2d 678, 679 [3d Dept 1997], appeal dismissed 91 NY2d 921 [1998], lv denied 92 NY2d 802 [1998]). We therefore conclude that the court properly granted the District respondents' motion and, for the same reasons, we conclude that the court properly denied petitioner's motion.
Petitioner's contentions that the District respondents acted in bad faith by hiring a replacement employee who performed substantially the same services as she did, and that the determination to abolish her position violated Education Law § 2510, are unpreserved for our review inasmuch as those contentions are raised for the first time on appeal (see Matter of Cameron Transp. Corp. v New York State Dept. of Health, 197 AD3d 884, 887 [4th Dept 2021]; Matter of Cornell v Annucci, 173 AD3d 1760, 1761 [4th Dept 2019]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court