■ In the Matter of GERALD STEARNS et al., Appellants, v WILLIAM MARIANI, as President of Erie Community College, et al., Respondents. [741 NYS2d 357] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Sedita, Jr., J.), entered February 12, 2001, which dismissed the petition, in a proceeding pursuant to CPLR article 78, seeking, inter alia, reinstatement of petitioners to their respective positions and damages.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the petition in part, awarding petitioners damages from May 26, 2000 to August 31, 2000 based on their unlawful dismissals, and ordering that petitioner Gerald Stearns be permitted to "bump into" the position of Senior Building Guard effective May 29, 2000, and awarding him damages based on the failure to do so and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Petitioners appeal from a judgment dismissing the petition in this CPLR article 78 proceeding. Prior to May 26, 2000, petitioners Gerald Stearns and William Shand were employed at Erie Community College (ECC) as Principal Security Officers, and petitioners Larry Sicurella, Sharon Butts, and Cheryl Melewski were employed there as Senior Stores Clerks. The positions were funded by the 1999-2000 ECC budget, which was duly approved by the Erie County Legislature (County Legislature). On or about May 8, 2000, respondent Board of Trustees of ECC (Board of Trustees) adopted a resolution creating 14 new positions and abolishing 32 existing positions, including those of petitioners, effective May 26, 2000. Petitioners commenced this proceeding seeking, inter alia, reinstatement to their respective positions and damages.

We agree with petitioners that the Board of Trustees lacked

authority to abolish their positions through the adoption of a resolution. Respondent County of Erie, not the Board of Trustees, is empowered pursuant to County Law § 204 to establish and abolish positions "by local law, by resolution or by the adoption of the budget." A position created and maintained by the County Legislature's adoption of a budget providing for that position at a specified salary may be abolished only by an act of the County Legislature deleting the position from the budget. "Legislative equivalency requires that a position created by a legislative act can only be abolished by a correlative legislative act" (*Matter of Torre v County of Nassau,* 86 NY2d 421, 426; *see Poillucci v Pattison,* 95 AD2d 288, 292). Respondents contend that the Board of Trustees is authorized to abolish positions based on Item 14.63 of Resolution No. 331 (adopted by the County Legislature on July 28, 1977 and incorrectly referred to by the parties as Erie County Local Law No. 6), which provides that the Board of Trustees has "the discretionary power to make such transfers and adjustments, within and between major accounts, as it deems necessary for the operation of [ECC]." We reject that contention. Furthermore, the abolishment of a position by the transfer of the allocated salary to a new position would violate the plain language of Item 14.63, which prohibits the Board of Trustees from creating full-time, permanent positions.

Also contrary to respondents' contention, Education Law § 6304 does not authorize the Board of Trustees to abolish positions. Indeed, Education Law § 6304 (6) specifically provides that the Board of Trustees must expend funds "subject to the terms and conditions of such appropriations appearing in such budget."

We conclude, however, that petitioners' positions were properly abolished pursuant to the ECC 2000-2001 budget, which was approved by the County Legislature effective September 1, 2000. Thus, petitioners are entitled to damages for their unlawful dismissals from May 26, 2000 to August 31, 2000.

In addition, petitioner Gerald Stearns contends that, upon the elimination of his position, he was entitled to "bump into" the next lower position, that of Senior Building Guard. Respondents contend that Stearns was not eligible for that position because he had not previously served in it. Contrary to respondents' contention, the New York State Department of Civil Service has determined that "[t]he employee need not have ever held a lower level position in the title series to be eligible for bumping rights" (New York State Dept of Civil

Service, Guidelines for the Administration of Reductions in Force in Local Government, at 14 [1992]), and that determination is controlling here. Stearns therefore should have been permitted to "bump into" the Senior Building Guard position and is entitled to damages arising from respondents' failure to permit him to do so.

We therefore modify the judgment by granting the petition in part, awarding petitioners damages from May 26, 2000 to August 31, 2000 based on their unlawful dismissals, and ordering that Stearns be permitted to "bump into" the position of Senior Building Guard effective May 29, 2000, and awarding him damages based on the failure to do so, and we remit the matter to Supreme Court, Erie County, for further proceedings to determine the amount of damages to which petitioners are entitled and to determine petitioners' motion for disclosure, to the extent that the motion remains pending before the court. In light of our determination, we do not address petitioners' remaining contention. Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.