■ In the Matter of MICHAEL TERRIBLE, Respondent, v COUNTY OF ROCKLAND, Appellant. (Proceeding No. 1.) In the Matter of RAYMOND McDONALD, Respondent, v COUNTY OF ROCKLAND, Appellant. (Proceeding No. 2.) — In proceedings pursuant to CPLR article 78 to compel the County of Rockland to reinstate petitioners, the county appeals from two judgments (one in each proceeding) of the Supreme Court, Rockland County, both dated July 21, 1980, which, *inter alia,* directed that petitioners be reinstated to their former positions. The appeals bring up for review two orders of the same court, both dated August 25, 1980, which denied the county's motions to set aside the judgments (we deem the motions to be motions for renewal). Orders reversed, without costs or disbursements, motions to renew granted and, upon renewal, judgments vacated and matters remitted to Special Term for further proceedings in accordance herewith. Appeals from the judgments dismissed, without costs or disbursements, in light of our determination upon review of the orders. Initially we note that although the county termed its motions to set aside the judgments as being pursuant to CPLR 2001, we deem them to have been motions to renew and, on the present appeals, we review the orders denying those motions (see CPLR 5517). We disagree with the reasoning of Special Term that the county was without authority to abolish petitioners' positions by means of a budget resolution. As appears from the motion papers, the positions in question were created by resolutions adopting budget proposals and, accordingly, their abolition by the exact same means is in accord with the principle of "legislative equivalency" (cf. *Matter of Gallagher v Regan,* 42 NY2d 230, 234). However, we note that the petitioners raised certain questions regarding the county's motives in eliminating the positions. Petitioners were employed as investigators by the county's Public Defender's office. It is alleged that following a dispute be-

tween themselves (which resulted in their filing criminal and civil charges against one another), they were informed by their superior that they were an embarrassment to the office and that their behavior constituted misconduct. However, no charges were ever brought against them. Subsequently, their superior eliminated 'their positions from the budget proposal for the following year submitted to the county legislature, and substituted an additional attorney position and a paralegal position. The paralegal is alleged to be performing substantially the same activities as petitioners performed. In addition, it is alleged that one year after the abolition of petitioners' positions, an investigator position for the public defender's office was again included in the proposed budget. These allegations raise questions as to the good faith of the county in abolishing the positions. While a public employer may in good faith abolish a position for reasons of economy or efficiency, a job position may not be abolished as a subterfuge to avoid the statutory protections afforded to civil servants (*Matter of Wipfler v Klebes,* 284 NY 248; *Switzer v Sanitary Dist. No. 7, Town of Hempstead,* 59 AD2d 889, app dsmd 43 NY2d 845; see, also, *Matter of Weimer v Board of Educ.,* 74 AD2d 574). The resolution of the question of whether the county's actions were done in good faith cannot be determined on the moving papers. Accordingly, a hearing is required on that issue (see *Switzer v Sanitary Dist. No. 7, Town of Hempstead, supra).* Mollen, P. J., Hopkins, Weinstein and Thompson, JJ., concur.