OPINION OF THE COURT
 

 Bellacosa, J.
 

 This case involves a Nassau County Probation Department attorney who was fired as part of the County’s effort to deal with a major revenue shortfall by enactment in December
 
 *424
 
 1991 of its 1992 budget. The attorney sued to regain his job and this Court granted him leave to appeal from an Appellate Division order dismissing his case.
 

 The central issue the employee raises is whether Nassau County violated the doctrine of legislative equivalency
 
 (Matter of Gallagher v Regan,
 
 42 NY2d 230) by attempting to delegate the authority to abolish a position of employment originally created by County ordinance. Under the Nassau County Charter and governing precedents, only the Board of Supervisors possesses the power to abolish this employee’s position. Because established procedures were not followed with respect to the 1991 effort to cut this job from the County’s roster, we now reverse.
 

 The Nassau County Charter was enacted by the State Legislature in 1936 pursuant to article 4 of the Municipal Home Rule Law
 
 (see,
 
 L 1936, ch 879). On November 12, 1991, the Nassau County Executive prepared the proposed budget for the ensuing fiscal year and submitted it to the Board of Supervisors for approval
 
 (see,
 
 Nassau County Charter §§ 202, 302). On December 16, 1991, the County Board of Supervisors enacted ordinance No. 519-A-1991 as the 1992 Nassau County Budget.
 

 Due largely to a lack of growth in sales tax revenues in 1991, County officials were struggling with an estimated budget deficit of approximately $115 million. To avoid tax increases, the Board sought to impose substantial reductions in payroll appropriations for all County agencies, which included the Probation Department. The reductions reflected proposals from the County Executive.
 

 As enacted, the 1992 budget listed separate line item appropriations for each position within the County Probation Department, for a total of $4,533,001. A separate line item for appellant’s position, along with a listing of its annual salary, remained in the budget ordinance. The summary, however, of the line item listings reflected an unspecified lump-sum $1,229,060 salary reduction from appropriations for the Probation Department. Its total appropriation was thus to be reduced to $3,303,941.
 

 Unlike prior years’ practice, the Board of Supervisors did not enact in 1992 a separate salary ordinance which specifically listed all continued and abolished County positions. Rather, the County alleges that the 1992 budget ordinance merged the salary specifications in a single budget appropria
 
 *425
 
 tians ordinance. For this first time, the Board argues that it delegated to the Director of the Department of Probation, through the County Executive, the responsibility for allocating the particular salary reductions and, in effect, cutting the particular jobs to balance with the total reduced departmental appropriation
 
 (see,
 
 Nassau County ordinance No. 519-A-1991).
 

 Torre started as an employee in Nassau County’s Probation Department in June 1968. Ten years later, in 1978, after qualifying and passing an open competitive examination, he was promoted to the position of "Probation Attorney II.” In 1979, due to a County budget shortfall, his job was targeted for elimination but he successfully litigated the cut and was reinstated. Torre received the written dismissal notification at issue here on February 5, 1992, from the Director of the Nassau County Department of Probation. No issue of misconduct is involved, only budgetary payroll considerations
 
 (compare,
 
 Civil Service Law §§ 75, 80).
 

 Torre sued once again to keep his job. Supreme Court, Suffolk County, granted his petition and ordered him reinstated with back pay and benefits. The Appellate Division reversed, on the law, and dismissed the petition, holding, in part, that the Board, through passage of ordinance No. 519-A-1991, "authorized the abolition of the petitioner’s position, by directing the department head to reduce the budget, and by investing the department head with the authority to effectuate layoffs” (208 AD2d 850, 851). We now reverse and basically reinstate the Supreme Court judgment.
 

 On the state of this record and the submissions of the parties, the back pay and other benefits for petitioner-appellant Torre in connection with this reinstatement to his position should be limited to the 1992 budget year. Inasmuch as Torre’s job was incontrovertibly eliminated as of 1993, we are satisfied that
 
 Matter of Brayer v Lapple
 
 (58 AD2d 1020,
 
 affd
 
 44 NY2d 741) is distinguishable under the circumstances of this case, and that the back-pay remedy of that case should not be available in this proceeding.
 

 The parties do not dispute the fact that Torre’s position was created by County ordinance. Appellant focuses his argument on the fact that the County did not comply with the doctrine of legislative equivalency because it failed to abolish his position by County ordinance. Moreover, he argues, that even in an equivalent ordinance, the Board of Supervisors could not legally delegate ultimately to the agency head the authority
 
 *426
 
 to terminate a competitive civil service position created by prior separate ordinance.
 

 The County responds that the 1992 budget was an ordinance that satisfied the doctrine of legislative equivalency
 
 (see, Poillucci v Pattison,
 
 95 AD2d 288;
 
 Matter of Terrible v County of Rockland,
 
 81 AD2d 837), and that the Board properly gave the County Executive the broad authority to work with the agency heads to abolish positions, including the one at issue here.
 

 County Law § 204 empowers the legislative arm of a county government to establish and abolish positions of employment and provides: "The establishment and abolition of such positions may be by local law, by resolution or by the adoption of the budget.” In
 
 Matter of Gallagher v Regan
 
 (42 NY2d 230,
 
 supra),
 
 this Court articulated the checks-and-balances principle for such controversies, known as the doctrine of legislative equivalency. It applies to the operation of County Law § 204.
 

 Legislative equivalency requires that a position created by a legislative act can only be abolished by a correlative legislative act
 
 (see, Matter of New York Pub. Interest Research Group v Dinkins,
 
 83 NY2d 377, 385;
 
 Matter of Moran v La Guardia,
 
 270 NY 450, 452;
 
 Noghrey v Town of Brookhaven,
 
 214 AD2d 659; 3 McQuillin, Municipal Corporations § 12.121, at 564 [3d ed]). Recently, this Court instructively ruled that a budget resolution of the City of New York could not abolish an office created by the City Charter
 
 (see, Matter of New York Pub. Interest Research Group v Dinkins,
 
 83 NY2d 377,
 
 supra).
 
 Earlier guideposts teach that a statute may not be repealed by concurrent resolution of the Legislature
 
 (Matter of Moran v La Guardia,
 
 270 NY 450,
 
 supra),
 
 and that a position created by resolution adopted by a City Council may not be abolished by a City Commissioner
 
 (Matter of O’Rourke v Graul,
 
 261 App Div 87, 90,
 
 affd
 
 285 NY 755).
 

 A key ingredient of the rationale in
 
 Matter of Gallagher v Regan
 
 (42 NY2d 230,
 
 supra)
 
 is that positions established by a budgetary process may not be extinguished by legislative adoption of a subsequent budget resolution that withdraws or lessens the County Executive’s checks-and-balance authority exercised, for example, through line item veto power applicable to the budgetary process
 
 (id.,
 
 at 234). Thus, the Court held that the legislative act in
 
 Gallagher
 
 did not accomplish what would have operated as an amendment of the Erie County Charter and Administrative Code by abolishing offices previ
 
 *427
 
 ously created
 
 (id.,
 
 at 234). Similarly, in
 
 Matter of Moran v La Guardia
 
 (270 NY 450, 452,
 
 supra),
 
 the Court summarized the principle this way: "To repeal or modify a statute requires a legislative act of equal dignity and import.”
 

 Article 1 of the Nassau County Charter designates the Board of Supervisors as the governing body of the County and grants the Board "all the powers and duties of the county together with all the powers and duties which now are, or may hereafter be conferred or imposed on boards of supervisors by laws applicable to such county” (Nassau County Charter § 102). Nassau County Charter § 103 (1) provides that the Board has the power to "create, organize and abolish departments, bureaus, offices and employments.” Charter § 105 authorizes the Board to act by ordinance, resolution and local law.
 

 Pursuant to these sections, the Board of Supervisors created Torre’s position by County ordinance through adoption of the budget with a salary line for Probation Attorney II. The ordinance that first created the petitioner’s position, and those that continued it each year thereafter, were explicit in "lining in” the position with its effective date and salary. By formally creating and continuing the position by County ordinance, the Board circumscribed its own authority to abolish the position by a legislative act of less dignity and import
 
 (see, Matter of Gallagher v Regan, supra; Matter of Moran v La Guardia, supra).
 
 Nothing less than another County ordinance would suffice to strike this job from the rolls, as was concededly effectuated at the end of 1992 for the 1993 budget year.
 

 The 1992 budget constituted a County ordinance. The 1992 budget ordinance plainly carried Torre’s job along with his annual salary, indicating a legislative intent not to execute the painful act of abolishing the job. The County takes the position that the budget’s total salary reduction line, construed with the provisions of the Nassau County Charter
 
 (see,
 
 Nassau County Charter §§ 103, 204), authorized the County Executive to subsequently pinpoint positions for elimination. At best, this would create an ambiguous and uncertain state of authority, hardly satisfying the doctrine of legislative equivalency. But the more profound defect in this part of the County’s reasoning is the delegation feature.
 

 Nassau County Charter § 103 (1) gives the Board alone the power to "create, organize and abolish departments, bureaus, offices and employments.” Nassau County Charter § 204 does
 
 *428
 
 contain a delegation power flowing from the Board of Supervisors to the County Executive. It states that: "The board of supervisors may by ordinance devolve upon the county executive the exercise or performance of any of its powers and duties,
 
 except those which it must exercise or perform by ordinance,
 
 as provided in this act or any other law of this state, and except other powers and duties of a distinctly legislative character” (emphasis added).
 

 Thus, the County Charter itself expressly prohibits the Board from delegating to the County Executive a duty "which it must exercise or perform by ordinance.” This syllogism should help to answer the controversy: (1) under County Charter § 103, the Board of Supervisors created Torre’s position by enacting a County ordinance; (2) under the doctrine of legislative equivalency, the Board may abolish the position only by the passage of a County ordinance, or its legislative equal; (3) ordinance No. 519-A-1991 does not qualify or comply, because the Nassau County Charter prohibits the delegation of acts that must be performed by ordinance; and (4), ergo, the Board of Supervisors could not accomplish the bottom line elimination of Torre’s job by diverting its authority and responsibility to the County Executive, who, in turn, apparently tried to delegate the undesirable burden to an agency head. In this case, the purported delegation is twice removed from the singular entity charged by law with explicitly executing its heavy impact affecting public employees’ livelihoods. The County Charter does not permit the Board of Supervisors to ship its power that far down the chain of responsibility.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated in accordance with this opinion.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order reversed, etc.