■ In the Matter of BERNARD CAMPANA, Appellant, v JOSEPH M. CHISERI, as Town Administrator of the Town Board of the Town of New Castle, et al., Respondents. [662 NYS2d 583] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Town Administrator of the Town of New Castle, dated May 17, 1996, which abolished his position of Maintenance Man Grade II in the Water Department of the Town of New Castle effective June 28, 1996, and for compensation in accordance with the 1996 budget of the Town of New Castle, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 18, 1996, which dismissed the petition.

Ordered that the judgment is modified, on the law, by delet-

ing the provision thereof which dismissed that branch of the petition which was for the petitioner to be compensated for his position of Maintenance Man Grade II for the period June 28, 1996, through October 8, 1996, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

Pursuant to the doctrine of legislative equivalency, a position created by a legislative act can only be abolished by a correlative legislative act (*Matter of Gallagher v Regan,* 42 NY2d 230; *cf., Matter of Torre v County of Nassau,* 86 NY2d 421, 426).

Contrary to the contention of the Town of New Castle (hereinafter the Town), the petitioner was entitled to recover back pay for the period from June 28, 1996, the time when his position was improperly abolished by the Town Administrator, to October 8, 1996, the time when the Town passed a resolution abolishing the position.

The matter is remitted to the Supreme Court for a calculation of the petitioner's pay for the period in question.

The parties' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.