In the Matter of MARGUERITE BABOR et al., Appellants, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.
[746 NYS2d 395]

The petitioners were employed as public health administrators by the Nassau County Department of Health (hereinafter the Department). In late 1991, the Nassau County Board of Supervisors adopted a budget which reduced the Department's 1992 appropriation to a figure more than 20% below its appropriation for 1991. As a result, the Commissioner of the Department abolished the position of public health administrator, and the petitioners were laid off.

The petitioners commenced this proceeding in 1992 and they alleged that the Nassau County Civil Service Commission and the County of Nassau (hereinafter the County) abolished their positions in bad faith and violated Civil Service Law § 61 (2) by requiring other employees to perform out-of-title work. In a 1992 memorandum of law, the petitioners raised the claim that they were improperly terminated from their positions

based on the doctrine of legislative equivalency, which requires that a position created by a legislative act can be abolished only by a correlative legislative act. The petitioners relied on a Supreme Court opinion in a similar case arising out of the Nassau County Board of Supervisors' 1992 budget (*see Matter of Torre v County of Nassau,* 208 AD2d 850, *revd* 86 NY2d 421). The Supreme Court subsequently issued an order holding the proceeding at bar in abeyance pending determination of the appeal in *Matter of Torre.* The Court of Appeals ultimately determined that the layoff at issue in that case violated the doctrine of legislative equivalency (*see Matter of Torre v County of Nassau,* 86 NY2d 421, *supra*). Following discovery proceedings in the proceeding at bar, the parties moved and cross-moved for summary judgment.

The Supreme Court granted the County's motion and dismissed the petition without reaching the issue of whether the position of public health administrator was abolished by the Commissioner of the Department in violation of the doctrine of legislative equivalency. The County's contention on appeal that this issue was not raised by the petitioners is without merit, as the petitioners relied on this legal theory in their 1992 memorandum of law, and the applicability of the doctrine was clearly recognized by the Supreme Court when it held the case in abeyance.

Although the record on its face presents an issue as to whether the doctrine of legislative equivalency was violated, the parties provide different interpretations of the documentary evidence relevant to a determination of the issue. Accordingly, we remit the matter to the Supreme Court, Nassau County, to determine the issue.

We conclude, however, that the Supreme Court properly dismissed the petition insofar as the petitioners sought reinstatement to their positions based on allegations that the County acted in bad faith and violated Civil Service Law § 61 (2) by assigning out-of-title work to other employees. The County established its entitlement to summary judgment with respect to those claims, and the petitioners failed to present evidence sufficient to raise any triable issues of fact (*see Matter of O'Donnell v Kirby,* 112 AD2d 936; *Matter of Christian v Casey,* 76 AD2d 835). O'Brien, J.P., Friedmann, Luciano and Townes, JJ., concur.