■ In the Matter of KEITH W. HERON, Respondent, v CITY OF BINGHAMTON et al., Appellants. [762 NYS2d 687] —Rose, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered July 3, 2002 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to reinstate petitioner to his former position as Director of Code Enforcement.

From 1984 through 2001, petitioner was employed by respondent City of Binghamton as Director of Code Enforcement, a position created by city ordinance in 1974. On November 21, 2001, the Binghamton City Council (hereinafter Council) enacted an ordinance adopting a budget for 2002 that listed petitioner's title, but reduced the amount allocated to it to $0. As a result, petitioner's employment was terminated when funding ceased at the end of 2001. On April 24, 2002, petitioner commenced this CPLR article 78 proceeding seeking reinstatement to his former position on the alternative grounds that enactment of the 2002 budget had not abolished his position or that the Council had terminated his employment in bad faith and violated his rights under the Civil Service Law. Rejecting respondents' claim that the proceeding was untimely and accepting petitioner's argument that his position was not abolished by an ordinance, Supreme Court found a violation of the legislative equivalency doctrine, granted the petition and ordered petitioner's reinstatement with back pay. Respondents appeal.

Initially, we find no merit in respondents' contentions that

this proceeding is time-barred and that Supreme Court applied an incorrect standard of review. Because petitioner sought alternative relief here, this proceeding can be viewed as being in the nature of mandamus to review or mandamus to compel (*see Matter of De Milio v Borghard*, 55 NY2d 216, 219-220 [1982]). In either case, the commencement of the proceeding in April 2002 was timely because the four-month statute of limitations (*see* CPLR 217) did not begin to run earlier than December 31, 2001, the effective date of the termination of petitioner's employment (*see Matter of Rappo v City of New York Human Resources Admin.*, 120 AD2d 339, 341 [1986]). Also, to the extent that this proceeding is in the nature of mandamus to compel, requiring petitioner to demonstrate a clear legal right to the relief requested (*see Matter of County of Fulton v State of New York*, 76 NY2d 675, 678 [1990]), that standard would be met if petitioner were successful in showing that his position was not abolished (*see Matter of Baum v Town Bd. of Town of Sand Lake*, 98 AD2d 918, 919 [1983]).

However, because Supreme Court read the Council's budget ordinance too narrowly and misapplied the legislative equivalency doctrine, we must reverse. "Legislative equivalency requires that a position created by a legislative act can only be abolished by a correlative legislative act" (*Matter of Torre v County of Nassau*, 86 NY2d 421, 426 [1995] [citations omitted]; *see Matter of Stearns v Mariani*, 294 AD2d 808, 809 [2002]). Thus, while adoption of a municipal budget may serve to abolish an employee's position, the adoption will do so only if it is by legislative means equivalent to that used to create the position (*cf. Matter of New York Pub. Interest Research Group v Dinkins*, 83 NY2d 377, 385 [1994]; *Matter of Gallagher v Regan*, 42 NY2d 230, 233-234 [1977]; *Collins v City of Schenectady*, 256 App Div 389, 391-392 [1939] [mere resolution adopting budget could not abolish position created by ordinance unless it were passed with all formalities required to enact ordinance]; *see Matter of Terrible v County of Rockland*, 81 AD2d 837, 837 [1981] [position created and abolished by resolutions adopting budgets]).

Since it is undisputed here that petitioner's position was created by a city ordinance, it could be abolished only "by the passage of a [city] ordinance, or its legislative equal" (*Matter of Torre v County of Nassau, supra* at 428). Although the two-page 2002 budget ordinance does not mention petitioner's or any other position, it clearly refers to, and incorporates by reference, the actual budget "estimate" which listed $0 for petitioner's position. Specifically, the ordinance states: "That

said estimate * * * hereby is amended and adopted as hereinafter set forth in full, and said sums contained in said estimate, as so amended * * * be and the same hereby are adopted in the amounts and for the several departments officers and employees named therein." Since those amounts included $0 for Director of Code Enforcement, the budget ordinance eliminated the position by a legislative means equivalent to that by which it was originally created. Even if the budget ordinance were ambiguous as to whether the Council intended to eliminate the position because the title remained, the legislative history consisting of the minutes of the council meeting which deleted funding for the title unequivocally expresses the Council's intent to abolish the position. As petitioner's position and the 2002 budget were both created by ordinance, Supreme Court erred in finding a violation of the doctrine of legislative equivalency (cf. Matter of Gallagher v Regan, supra at 233-234).

Finally, since petitioner's allegations of bad faith and violations of the Civil Service Law are plainly insufficient, there is no need to remit the matter to Supreme Court for consideration of the petition's alternative grounds for relief. Petitioner's claim that the absence of cost savings demonstrates respondents' bad faith is purely speculative and ignores the justification expressed in the Council's minutes indicating that his position was eliminated primarily to promote efficiency rather than reduce costs. Nor has petitioner alleged facts sufficient to show either his entitlement to a hearing before his position was eliminated or that respondents thereafter failed to offer him a same or similar position (see Matter of Belvey v Tioga County Legislature, 257 AD2d 967, 968-969 [1999]; Matter of James v Broadnax, 182 AD2d 887, 887-888 [1992]).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.