■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Appellants, v ROCKLAND COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents, et al., Respondent. [834 NYS2d 263]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Rockland County Board of Cooperative Educational Services, dated May 25, 2005, which, without a hearing, abolished the civil service position of clinical psychologist, and to reinstate the petitioners Norman Stein, Robert Allan, and Jeffrey Goidel to their respective positions of clinical psychologist with back pay, benefits, and seniority, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated March 24, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

A public employer may abolish civil service positions for the purpose of economy or efficiency (*see* Civil Service Law § 80 [1]; *Matter of Aldazabal v Carey*, 44 NY2d 787, 788 [1978]; *Matter of Hritz-Seifts v Town of Poughkeepsie*, 22 AD3d 493 [2005]), "as long as the position is not abolished as a subterfuge to avoid statutory protection afforded civil servants before they are discharged" (*Matter of Della Vecchia v Town of N. Hempstead*, 207 AD2d 484, 484-485 [1994]).

"[O]ne who challenges the validity of such an act has the burden of proving that the employer did not act in good faith in abolishing the position" (*Matter of Rosenthal v Gilroy*, 208 AD2d 748, 749 [1994]; *see Matter of Bianco v Pitts*, 200 AD2d 741 [1994]). "Bad faith may be demonstrated by evidence that a newly hired person performed substantially the same duties as the discharged employee" (*Matter of Rosenthal v Gilroy, supra* at 749). A full hearing must be held when triable issues of fact exist as to bad faith (*see Matter of Hartman v Erie 1 BOCES Bd. of Educ.*, 204 AD2d 1037 [1994]).

We agree with the Supreme Court that the petitioners failed to raise a triable issue of fact as to whether the respondents acted in bad faith in abolishing the civil service position of clinical psychologist and replacing those who were consequently terminated from employment with an increased number of school psychologists (*see Matter of Davis v Mills*, 98 NY2d 120, 124-125 [2002]; *Matter of Shearod v Board of Coop. Educ. Servs. of Nassau County*, 65 NY2d 850 [1985], *affg* 109 AD2d 743, 744 [1985]). Although some of the duties of the abolished position of

clinical psychologist overlap with those of a school psychologist, the positions are not the "same or similar," as they have different certification requirements (*see Matter of Davis v Mills, supra; Matter of Shields v Dinga,* 222 AD2d 816, 818 [1995]; *Matter of Shearod v Board of Coop. Educ. Serv. of Nassau County, supra* at 744).

Moreover, while the position of clinical psychologist is governed by the rules of the Civil Service Law, the position of school psychologist is governed by the Education Law (*see Matter of Smith v Board of Educ. of E. Ramapo Cent. School Dist.,* 97 AD2d 795, 797 [1983]; *Matter of Crow v Ambach,* 96 AD2d 642 [1983]). No triable issue of fact was raised by the petitioners that would have necessitated a hearing (*see* CPLR 410; 7804 [h]; *cf. Matter of Hartman v Erie 1 BOCES Bd. of Educ., supra* at 1037). Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.