■ In the Matter of PERCY CHANDLER et al., Appellants, v VILLAGE OF SPRING VALLEY et al., Respondents. [962 NYS2d 297]—

In a proceeding pursuant to CPLR article 78, inter alia, to annul Resolution No. 519 of 2010 of the respondent Village Board of Trustees of the Village of Spring Valley, which removed the petitioners Percy Chandler, Michael Lakes, and Alex Lanier, Sr., from the payroll of the Village of Spring Valley, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated September 27, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated and granted, Resolution No. 519 of 2010 of the respondent Village Board of Trustees of the Village of Spring Valley is annulled, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith.

The three individual petitioners, Percy Chandler, Michael Lakes, and Alex Lanier, Sr., were employed by the respondent Village of Spring Valley (hereinafter the Village) in the position of laborer in the "labor class" within the Village Department of Public Works. Each of the individual petitioners had been duly appointed to his position by resolution of the respondent Village Board of Trustees of the Village of Spring Valley (hereinafter the Village Board), and had completed the required probationary term. On August 10, 2010, the Village received notification from the County of Rockland Department of Personnel, which is the municipal civil service commission having jurisdiction over the Village (see Civil Service Law §§ 2 [4]; 15 [1] [a]), that it had "no record of employment" for the three individual petitioners due to the failure of the Village to submit required filings under the Civil Service Law (see Civil Service Law §§ 22, 97). The notification advised that the "[p]ersons without approval from this office to work must be terminated immediately unless there is a resolution to the situation." That same day, the Village Board issued Resolution No. 519 of 2010, unanimously resolving that the individual petitioners "shall be immediately removed from the Village of Spring Valley payroll and informed that they are not employees of the Village." Thereafter, the Village notified the individual petitioners by memorandum dated August 10, 2010, that "based upon the recommenda-

tion of the County of Rockland," the Village Board had "voted to remove [them] from the Village of Spring Valley payroll effective immediately."

The individual petitioners commenced this CPLR article 78 proceeding against the Village, the Village Board, and the Mayor of the Village of Spring Valley (hereinafter collectively the respondents), to annul the resolution removing them from the Village payroll, to compel the Village to comply with its ministerial duty under the Civil Service Law to submit required paperwork to the municipal civil service commission, and to reinstate the individual petitioners with back pay. The petitioners submitted evidence that another employee in the labor class with less seniority had been retained by the Village after the individual petitioners were removed from the payroll, thus violating the individual petitioners' seniority rights under the governing collective bargaining agreement.

The respondents answered the petition, asserting defenses including the Village's right to abolish the laborer positions in the interest of economy or efficiency. The respondents contended that, in the months preceding the subject resolution, the Village had conducted a comprehensive review of its operations and determined that the Department of Public Works would operate more economically and efficiently by creating three positions in the new class of assistant maintenance mechanic and eliminating all positions in the labor class by attrition and/or layoffs. The respondents submitted evidence that the new class was created on July 27, 2010, and notice of three vacancies in the new class was posted on that date. The petitioners replied that the Village had not properly abolished the individual petitioner's positions on August 10, 2010, but had terminated their employment in violation of the collective bargaining agreement and the Civil Service Law. The Supreme Court denied the petition and dismissed the proceeding, holding that the Village had properly abolished the individual petitioners' positions for the purpose of economy or efficiency and that the petitioners had failed to allege or establish that the Village had acted in bad faith in abolishing their positions. We reverse.

"Legislative equivalency requires that a position created by a legislative act can only be abolished by a correlative legislative act" (*Matter of Torre v County of Nassau*, 86 NY2d 421, 426 [1995]; *see Matter of Babor v Nassau County Civ. Serv. Commn.*, 297 AD2d 342, 342-343 [2002]). Here, it is undisputed that each of the individual petitioners' positions was created by resolution of the Village Board, and thus, another resolution of the Village Board was required to abolish each of those positions. Contrary

to the respondents' contention, the positions were not abolished by Resolution No. 519 of 2010, which recited that "no positions were created or currently exist" for the individual petitioners. The misconception of the Village Board that the positions did not exist was premised upon the Village's own failure to comply with the filing requirements of the Civil Service Law, pursuant to the notification by the municipal civil service commission. The Village Board thereupon unanimously resolved to "immediately remove[ ]" the individual petitioners from the Village payroll and to inform them that they "are not employees of the Village," rather than to remedy their filing and certification violations under the Civil Service Law. The plain language of the subject resolution refutes the respondents' contention that the Village Board was abolishing positions then in existence. Moreover, the record supports the petitioners' contention that, while the resolution immediately removed the individual petitioners from the payroll, the Village continued to employ another laborer with less seniority. Thus, the petitioners established that the positions of the individual petitioners were not abolished and they were laid off in violation of the seniority provisions of the collective bargaining agreement and in violation of the Civil Service Law.

Contrary to the respondents' contention, the Village's action in removing the individual petitioners from the payroll was not justified by its proper creation of a new class of employees, with the intention of eliminating the labor class by attrition or layoff. "A public employer may abolish civil service positions for the purpose of economy or efficiency, as long as the position is not abolished as a subterfuge to avoid statutory protection afforded civil servants before they are discharged" (*Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d 641, 642 [2007] [citations and internal quotation marks omitted]). Here, while the evidence supports the respondents' contention that the Village *intended* to abolish the laborer positions after it had created the new class of assistant maintenance mechanic, as noted, the evidence does not support their contention that the Village actually abolished the individual petitioners' positions in the subject resolution dated August 10, 2010. In any event, even if the subject resolution could be construed to abolish the individual petitioners' positions effective August 10, 2010, the immediate termination of their positions pursuant, to that resolution violated a provision in the collective bargaining agreement requiring two weeks notice prior to terminating an employee whose position has been abolished, and thus, constituted improper abolishment of a civil service position "to avoid statu-

tory protection afforded civil servants before they are discharged" (*Matter of Della Vecchia v Town of N. Hempstead*, 207 AD2d 484, 485 [1994]; *see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d at 642).

Accordingly, the judgment must be reversed, the petition reinstated and granted, the subject resolution annulled, and the matter remitted to the Supreme Court, Rockland County, for further proceedings including a calculation of the individual petitioners' pay retroactive to August 10, 2010 (*see Matter of Campana v Chiseri*, 242 AD2d 716 [1997]). Skelos, J.P., Angiolillo, Dickerson and Hall, JJ., concur.