OPINION OF THE COURT
Peter M. Forman, J.
Plaintiff is a former member of the Town of Hyde Park Police Department. The individually named defendants are a former Town Supervisor and three former Town Councilmen (collectively, the Town Board). This action seeks compensatory and punitive damages on the grounds that defendants obstructed or defeated plaintiffs civil service rights in violation of Civil Service Law § 106.
Defendants now move for an order dismissing the complaint pursuant to CPLR 3212. That motion is granted for the reasons stated herein.
Background
In 1986, plaintiff was hired to work as a police officer in the Town of Hyde Park Police Department. He was promoted to Sergeant in 1988, and was promoted to Lieutenant in 2004. Plaintiff held each of these positions on a permanent competitive civil service basis.
On or about November 1, 2009, plaintiff was named the provisional Chief of Police. This appointment was made on a provisional basis because plaintiff had not yet taken or passed the civil service examination necessary to qualify for a permanent *1052 appointment as Chief of Police. The Lieutenant position was not filled after plaintiff was appointed provisional Chief of Police.
Plaintiff alleges that a promotional exam was scheduled for March of 2010, and that it was “understood and agreed” at the time that he was provisionally appointed that he would be promoted to Chief of Police on a permanent basis if he passed that examination. Plaintiff also alleges that it was “understood and agreed” that the examination would be conducted on a promotional basis, making plaintiff the only person eligible to take the examination. Plaintiff also alleges that it was also understood and agreed that plaintiff would continue to serve as the provisional Chief of Police if he failed the promotional examination.
The individually named defendants were elected on November 4, 2009, and took office for the first time on January 1, 2010. Ten days later, the newly-elected Town Board decided that the Chief of Police civil service examination would be conducted on an open and competitive basis, rather than on a promotional basis.
Plaintiff and defendants have made numerous allegations against each other relating to the events that transpired during the relatively short period of time that plaintiff served as the Town’s provisional Chief of Police. While there are significant discrepancies in the competing factual accounts that have been provided by the parties on this motion, it is evident that the relationship between plaintiff and the newly-elected Town Board quickly became toxic.
On March 10, 2010, plaintiff submitted a letter expressing his intent to retire from the Town of Hyde Park Police Department effective April 10, 2010. That letter cited his concerns about the direction the Town Board was taking the police department, and the “almost total lack of communication” between plaintiff and the Town Board.
Plaintiff alleges that he submitted this retirement letter because: (1) he had become aware that the Town Board was contemplating abolishing the position of Lieutenant, and (2) he was advised by a member of the Town Board that he would never be appointed as the permanent Chief of Police, regardless of his performance on the civil service examination. Plaintiff alleges that under these circumstances, he felt compelled to retire in order to preserve his health benefits, which would be forfeited if his employment ended due to termination rather than retirement.
*1053 On March 22, 2010, the Town Board adopted a Resolution abolishing the Lieutenant position. The March 22, 2010 Resolution did not expressly identify the date that this abolition would become effective, but authorized the Town Supervisor to execute any documents that were necessary to effectuate that abolition.
On June 16, 2010, the Town Board adopted a second Resolution purporting to “clarify” the March 22, 2010 Resolution. Specifically, the June 16, 2010 Resolution states that the Lieutenant position was abolished effective April 14, 2010.
Plaintiff alleges that the Town Board abolished the Lieutenant position in order to prevent him from being reinstated to that position once the permanent Chief of Police position was filled. Although the Town Board asserted that the Lieutenant position was being abolished for financial reasons, plaintiff alleges that this financial justification was a pretext, and that the Town Board was manipulating the civil service system in order to prevent plaintiff from being reinstated as Lieutenant.
In support of this pretext argument, plaintiff alleges that the Town Board learned after the March 22, 2010 Resolution was adopted that plaintiff would be placed on a preferred eligibility list if the Lieutenant position had been abolished prior to his April 10, 2010 retirement. Upon being placed on a preferred eligibility list, plaintiff would be entitled to reappointment if the Lieutenant position was reinstated. Plaintiff alleges that the April 14, 2010 abolition date identified in the June 16, 2010 Resolution was selected for the sole purpose of preventing plaintiff from being placed on that preferred eligibility list.
Plaintiff also argues that the financial justification advanced by the Town Board was a pretext because the Town did not realize any savings as a result of the temporary abolition of this office. Specifically, plaintiff asserts that the Lieutenant position was unfunded at the time that it was abolished, that the Town Board reinstated the Lieutenant position on January 1, 2011, and that the Town Board filled that position on January 10, 2011. Therefore, plaintiff argues that the Town did not realize any immediate or long-term savings as a result of the temporary abolition of the Lieutenant position, and that preventing plaintiff from being reinstated as Lieutenant was the only objective actually achieved by the Resolutions.
Plaintiff also alleges that the Town presented him with a proposed letter in December of 2010, by which plaintiff would waive and relinquish any claim that he might have to reinstate *1054 ment as a Lieutenant in the Town Police Department. Plaintiff refused to sign that letter.
Plaintiff did not commence a CPLR article 78 proceeding challenging the March 22, 2010 and June 16, 2010 Resolutions abolishing the Lieutenant position, the January 1, 2011 Resolution reinstating and funding the Lieutenant position, or the January 10, 2011 appointment filling the Lieutenant position. Instead, plaintiff filed a notice of claim with the Town on March 11, 2011. The notice of claim alleged that defendants obstructed or defeated his civil service rights in violation of Civil Service Law § 106. After a hearing was conducted on that notice of claim pursuant to General Municipal Law § 50-h, plaintiff commenced this litigation asserting a private cause of action based upon defendants’ alleged violation of Civil Service Law § 106.
Defendants have moved for summary judgment dismissing the complaint on the grounds, inter alia, that no private cause of action is available under Civil Service Law § 106. Defendants also argue that even if a cause of action was available under Civil Service Law § 106, plaintiff still would have been required to commence an article 78 proceeding successfully challenging the Resolutions before commencing this action. Defendants also argue that any cause of action that plaintiff may have under the Civil Service Law is barred by a one-year statute of limitations, and that the factual record demonstrates that defendants did not violate Civil Service Law § 106 as a matter of law. Defendants also argue that plaintiff is barred from seeking punitive damages against the Town of Hyde Park as a matter of law.
Discussion
Civil Service Law § 106 makes it a misdemeanor to defeat, deceive or obstruct the civil service rights of any person who seeks appointment, promotion, or reinstatement to a covered civil service position. Civil Service Law § 106 also makes it a misdemeanor to make false representations about a person for purposes of improving or injuring their chances of obtaining appointment, promotion, or reinstatement to a covered civil service position. Civil Service Law § 106 does not expressly make a private cause of action available to individuals who believe that their civil service rights have been violated.
While Civil Service Law § 106 clearly prohibits interference with an individual’s civil service rights, that statutory proscription “does not necessarily carry with it a right of private enforcement by means of tort litigation.” (Uhr v East Green- *1055 bush Cent. School Dist., 94 NY2d 32, 38 [1999, Rosenblatt, J.].) “Where a penal statute does not expressly confer a private right of action on individuals pursuing civil relief, recovery under such a statute ‘may be had only if a private right of action may be fairly implied.’ ” (Hammer v American Kennel Club, 1 NY3d 294, 299 [2003], quoting Sheehy v Big Flats Community Day, 73 NY2d 629, 633 [1989].) In assessing whether a private right of action can be implied, the Court of Appeals has emphasized that “the Legislature has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves.” (Id. at 299, quoting Sheehy at 634.)
When assessing whether a statute provides an implied right to a private cause of action,
“the essential factors to be considered are: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme.” (Sheehy v Big Flats Community Day, 73 NY2d at 633.)
The first factor is the one that is most easily satisfied (id. at 634). When a statute seeks to deter certain conduct, the second factor will be satisfied upon a determination that a private cause of action for injuries arising from this prohibited conduct would further the statute’s deterrent goal (id. at 634).
Plaintiff clearly falls within the class of people for whose benefit Civil Service Law § 106 was enacted. Recognizing a private cause of action under Civil Service Law § 106 would also clearly advance the statute’s deterrent goal. Therefore, the first two Sheehy prongs have been satisfied.
The third factor — i.e., whether a private right of action is consistent with the legislative scheme — is generally recognized as the most important factor (id. at 634; see also Carrier v Salvation Army, 88 NY2d 298, 302 [1996]; Brian Hoxie’s Painting Co. v Cato-Meridian Cent. School Dist., 76 NY2d 207, 212 [1990]). “It is not always easy to distinguish this ‘consistency’ prong from the second Sheehy prong, which centers on ‘promotion’ of the legislative goal.” (Uhr v East Greenbush Cent. School Dist., 94 NY2d at 40.) Even where a private cause of action would promote the goals of a statute, the existence of a private cause of action and a government enforcement mechanism “may dis- *1056 serve the goal of consistency — like having two drivers at the wheel. Both may ultimately, at least in theory, promote statutory compliance, but they are born of different motivations and may produce a different allocation of benefits owing to differences in approach.” (Id. at 40.) When an implied private cause of action would subject a municipality to potential financial liability, this third factor will not be satisfied unless there is “clear evidence of the Legislature’s willingness to expose the governmental entity to liability that it might not otherwise incur.” (Id. at 42.)
Civil Service Law § 6 requires the state civil service commission to develop suitable rules and regulations implementing the requirements of the Civil Service Law and article V, § 6 of the State Constitution. That comprehensive regulatory framework has been adopted as chapter 4 of the Official Compilation of Codes, Rules and Regulations of the State of New York. Civil Service Law § 20 also requires each municipal civil service commission to develop a set of civil service rules and regulations. The Dutchess County Department of Personnel, which is the municipal civil service commission for all towns in this county (Civil Service Law § 17 [1]), has promulgated a comprehensive set of civil service rules pursuant to its statutory mandate.
Article V of the Civil Service Law, and the rules and regulations promulgated thereunder, establish a complex statutory and regulatory framework defining the applicable civil service rights when a covered position is abolished. These rights include the right to reinstatement if the position is restored, and the right to placement on a preferred eligibility list pending such restoration. Civil Service Law § 106 prohibits unlawful interference with these civil service rights. Civil Service Law § 102 (3) authorizes a state or municipal civil service commission to commence an action in the New York State Supreme Court to enjoin any alleged violation of the Civil Service Law and rules, and to seek such incidental relief as may be necessary. However, Civil Service Law § 102 does not extend a corresponding right to commence a private cause of action to enjoin, or seek monetary damages arising from, such violations.
There is no clear evidence that the legislature intended to expose municipalities to the risk of financial liability for a violation of Civil Service Law § 106. Rather, Civil Service Law § 102 (3) squarely places the authority for enforcement of Civil Service Law § 106 on the appropriate municipal civil service commission. Read in combination, these sections demonstrate that *1057 the legislature intended to limit enforcement of Civil Service Law § 106 to criminal proceedings (to punish past violations), and to actions by the appropriate municipal civil service commission seeking injunctive relief (to prevent continued violations). (See McLean v City of New York, 12 NY3d 194, 200-201 [2009]; Hammer v American Kennel Club, 1 NY3d at 299.) Recognizing an implied private cause of action under these circumstances would run contrary to that legislative intent, and would essentially place “two drivers at the wheel” who are possessed “of different motivations and may produce a different allocation of benefits owing to differences in approach.” (Uhr v East Greenbush Cent. School Dist., 94 NY2d at 40.) Therefore, the complaint must be dismissed as a matter of law because Civil Service Law § 106 “does not make an express provision for civil damages, and a private right of action cannot fairly be implied for the plaintiff under these circumstances.” (Kenneth H. Brown & Co., Inc. v Dutchess Works One-Stop Empl. & Training Ctr., Inc., 73 AD3d 984, 986 [2d Dept 2010].)
Plaintiff argues that the Third Department has already determined that a private cause of action is available under Civil Service Law § 106 (Matter of Leisner v Bahou, 97 AD2d 860 [3d Dept 1983]), and that this court is bound by that determination in the absence of contrary appellate authority. However, plaintiffs reliance on Leisner is misplaced.
This court is certainly obligated to follow precedent established by the Third Department when there is no conflicting appellate authority in the other departments of the Appellate Division. However, “a case ‘is precedent only as to those questions presented, considered and squarely decided.’ ” (Wellbilt Equip. Corp. v Fireman, 275 AD2d 162, 168 [1st Dept 2000], quoting People v Bourne, 139 AD2d 210, 216 [1st Dept 1988].) “Principles are not established by what was said, but by what was decided, and what was said is not evidence of what was decided, unless it relates directly to the question presented for decision.” (Robinson Motor Xpress, Inc. v HSBC Bank, USA, 37 AD3d 117, 123-124 [2d Dept 2006], quoting People ex rel. Metropolitan St. Ry. Co. v State Bd. of Tax Commrs., 174 NY 417, 447 [1903], affd 199 US 1 [1905].)
In Leisner, the petitioner brought an article 78 proceeding challenging the termination of his employment by the Department of Social Services. The petitioner also asserted claims seeking monetary damages for alleged violations of his civil rights under 42 USC § 1985, and alleged violations of his civil *1058 service rights under Civil Service Law § 106. The Third Department concluded that these monetary damages claims should not have been joined with the petitioner’s article 78 proceeding. The Third Department also concluded that the allegations contained in the pleadings failed to sufficiently particularize petitioner’s claims for purposes of his section 1985 claim but that, giving him the benefit of every inference, these allegations sufficiently stated a claim under Civil Service Law § 106.
The Leisner Court did not find that a private cause of action can be fairly implied from Civil Service Law § 106 and the relevant statutory and regulatory framework. There is no indication that this issue was ever presented to or considered by the Third Department, and it was certainly never squarely decided. Rather, the Leisner Court merely presupposed that a private cause of action was available under the statute, and then assessed the adequacy of petitioner’s allegations under that presumed cause of action. Therefore, Leisner does not have binding precedential value for purposes of determining whether a private cause of action can be fairly implied from Civil Service Law § 106.
Even if a private cause of action was available under Civil Service Law § 106, the complaint would still be subject to dismissal as a matter of law because a successful article 78 proceeding is a prerequisite to a claim for monetary damages arising out of defendants’ alleged manipulation of the civil service system. (See Austin v Board of Higher Educ. of City of N.Y., 5 NY2d 430, 443-444 [1959]; Meyers v City of New York, 208 AD2d 258, 265 [2d Dept 1995]; Feraca v Town of Esopus, 63 AD2d 771 [3d Dept 1978].) Specifically, “[a] public employer may abolish civil service positions for the purpose of economy or efficiency, as long as the position is not abolished as a subterfuge to avoid statutory protection afforded civil servants before they are discharged.” (Matter of Chandler v Village of Spring Val., 104 AD3d 847 [2d Dept 2013], quoting Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs., 39 AD3d 641, 642 [2d Dept 2007].) When a public employer has abolished a civil service position for improper reasons not related to economy or efficiency, a person whose civil service rights have been infringed by that misconduct has standing to bring an article 78 proceeding, either in the nature of mandamus or certiorari to review. (See Matter of Arnold v Erie County Med. Ctr. Corp., 59 AD3d 1074, 1077 [4th Dept 2009]; Matter of Triana v Board of Educ. of City School *1059 Dist. of City of N.Y., 47 AD3d 554, 557-558 [1st Dept 2008]; Matter of Terrible v County of Rockland, 81 AD2d 837 [2d Dept 1981].)
Plaintiff asserts that an article 78 proceeding should not be a prerequisite to his Civil Service Law § 106 claim because he does not have standing to bring such a proceeding against defendants. This argument is without merit. Plaintiff alleges that he was forced to submit his March 10, 2010 retirement letter to preserve his health insurance benefits before the Town Board adopted the March 22, 2010 Resolution abolishing the Lieutenant position, and that this Resolution was motivated by an improper desire to deprive plaintiff of his statutory right to return to that position. Therefore, plaintiff had standing to commence an article 78 proceeding challenging the March 22, 2010 Resolution on the grounds that he was forced to retire because the Lieutenant position was being abolished, not for the purpose of economy or efficiency, but as a subterfuge to deprive plaintiff of his civil service rights.
Similarly, plaintiff alleges that the Town Board did not adopt the June 16, 2010 Resolution to clarify the March 22, 2010 Resolution, but rather to manipulate its effective date to prevent plaintiff from being placed on the preferred eligibility list. Therefore, plaintiff also had standing to commence an article 78 proceeding challenging the June 16, 2010 Resolution, on the grounds that the effective date of abolition was retroactively adopted for the strategic purpose of preventing plaintiff from being placed on a preferred eligibility list for that position.
Plaintiff also argues that an article 78 proceeding should not be a prerequisite to his Civil Service Law § 106 claim because he does not seek reinstatement and back pay. Specifically, plaintiff asserts that he only
“seeks damages for the deliberate impairment/ defeat, by reason of the manipulation of the effective date of abolition of the Lieutenant position, of his otherwise entitlement to have his name on a preferred eligible list which would have insured his reinstatement to the Lieutenant position when it was re-established and funded in 2011.” (Plaintiffs mem of law at 11 n 3.)
Whether plaintiff chooses to characterize his monetary damages claim as back pay is not controlling. It is clear that plaintiffs alleged damages are directly related to his claim that the Town Board manipulated the civil service system to prevent *1060 plaintiff from being reinstated as a Lieutenant in the Town Police Department.
In any event, the obligation to bring an article 78 proceeding as a prerequisite to an action for monetary damages is not limited to an action seeking reinstatement or back pay. That obligation applies equally to an action in which a former public employee seeks damages as a principal form of relief, after having resigned in anticipation of an impending termination. (Finley v Giacobbe, 79 F3d 1285 [2d Cir 1996].) Therefore, even if a private cause of action was available under Civil Service Law § 106, the complaint would still be subject to dismissal as a matter of law because plaintiff failed to first commence a successful article 78 proceeding.
Defendants also moved for summary judgment on several alternative grounds in the event that this court found both that a private cause of action exists under Civil Service Law § 106, and that plaintiff was not obliged to bring a successful article 78 proceeding as a prerequisite to commencing this action. Although defendants’ motion for summary judgment has been granted for the reasons stated above, the court will address those remaining alternative arguments briefly.
Defendants moved for summary judgment dismissing the complaint on the grounds that any cause of action that plaintiff may have under the Civil Service Law is barred by a one-year statute of limitations. The applicable limitations period for a private cause of action enforcing a penalty created by statute is one year. (CPLR 215 [4].) This action was commenced on January 30, 2012, which is more than one year after the Lieutenant position was abolished, restored and filled. Therefore, defendants’ motion for summary judgment based on this alternative statute of limitations defense is granted.
Defendants also moved for summary judgment dismissing the complaint on the grounds that the defendants did not violate Civil Service Law § 106 as a matter of law. However, there are significant, material discrepancies in the competing factual accounts that have been provided by the parties on this motion. Defendants’ motion for summary judgment on the merits of any Civil Service Law § 106 claim that may exist is denied because there are material issues of fact on that substantive claim.
Finally, defendants have moved for partial summary judgment on the grounds that plaintiff is barred from seeking punitive damages against the Town of Hyde Park as a matter of law. Punitive damages are not available against a town. (Sharapata *1061 v Town of Islip, 56 NY2d 332, 339 [1982]; see also Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 857 [2d Dept 2012]; Matter of Gillen v Giordano, 297 AD2d 678, 679 [2d Dept 2002]; M. C. D. Carbone, Inc. v Town of Bedford, 98 AD2d 714, 714 [2d Dept 1983].)
Therefore, defendants’ alternate motion for partial summary-judgment dismissing the punitive damages claim as against the Town of Hyde Park is granted. It is therefore ordered, that defendants’ motion for summary judgment dismissing the complaint pursuant to CPLR 3212 is granted for the reasons stated herein.