■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v COUNTY OF ORANGE et al., Respondents. [968 NYS2d 161]—

In a hybrid proceeding pursuant to CPLR article 78 to review the "determination to terminate" the employment of the petitioners/plaintiffs Monica Barber, Sheree L. Biro, Trina Burley, Armando Cabling, Mary Clark, Lorenzo Darker, Rebecca Dezemo, Konstantina Diakopoulos, Gale Dingman, Theodore Disraeli, Julienne Folino, Frank Garby, David Gerena, Justin

Green, Regina Havens, Antoinette Hosier, Nancy Lazier, Leon Lempka, Steven Lomedico, Sarah Lyons, Alvin Madden, Cathy J. Markowitz, Geraldine Meyer, Edward Navarro, Kirsten Perino, Miriam Quinones, Ronaldo Richardson, Ibet Rivera, Carol Robinson, Kathryn S. Romano, Sophie Suffern, Martha Thompson, Lillian Urbanski, and Hoe Teong Wong as of October 29, 2010, and action for declaratory relief, the petitioners/plaintiffs appeal from so much of a judgment of the Supreme Court, Orange County (Bartlett, J.), dated September 9, 2011, as denied the petition pursuant to CPLR article 78 and, in effect, dismissed the proceeding.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the proceeding is reinstated, the petition pursuant to CPLR article 78 is granted, the determination to terminate the employment of the petitioners/plaintiffs Monica Barber, Sheree L. Biro, Trina Burley, Armando Cabling, Mary Clark, Lorenzo Darker, Rebecca Dezemo, Konstantina Diakopoulos, Gale Dingman, Theodore Disraeli, Julienne Folino, Frank Garby, David Gerena, Justin Green, Regina Havens, Antoinette Hosier, Nancy Lazier, Leon Lempka, Steven Lomedico, Sarah Lyons, Alvin Madden, Cathy J. Markowitz, Geraldine Meyer, Edward Navarro, Kirsten Perino, Miriam Quinones, Ronaldo Richardson, Ibet Rivera, Carol Robinson, Kathryn S. Romano, Sophie Suffern, Martha Thompson, Lillian Urbanski, and Hoe Teong Wong as of October 29, 2010, is annulled, and the matter is remitted to the Supreme Court, Orange County, for a determination of all the benefits those petitioners/plaintiffs would have been entitled to had they remained employed for the period from October 29, 2010, to December 31, 2010, and for a calculation of the principal sum of back pay to be awarded to those petitioners/plaintiffs in accordance herewith and thereafter for the entry of an appropriate amended judgment.

On October 1, 2010, at the direction of the County Executive of Orange County, letters were sent to 39 civil service employees notifying them that they were being laid off effective October 29, 2010, for economic reasons. The letters advised the employees that their names would be placed on a preferred eligible list pursuant to a provision in their collective bargaining agreement, which pertained to "abolished" positions. Additionally, the employees were advised in letters sent on October 29, 2010, that their names had been placed on the preferred eligible list "[i]n accordance with Section 81 of Civil Service Law." On December 2, 2010, the Orange County Legislature passed a budget for the 2011 fiscal year, which did not provide funding for the positions held by the 39 laid off employees.

The Civil Service Employees Association, Inc., and 34 of the 39 civil service employees (hereinafter the subject employees) commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief seeking, inter alia, to "be made whole by receiving full back pay" and "all other benefits they were entitled to . . . for the period from October 29, 2010, to December 31, 2010." In a judgment dated September 9, 2011, the Supreme Court, among other things, denied the petition pursuant to CPLR article 78 and, in effect, dismissed the proceeding.

The doctrine of "[l]egislative equivalency requires that a position created by a legislative act can only be abolished by correlative legislative act" (*Matter of Torre v County of Nassau*, 86 NY2d 421, 426 [1995]; *see Matter of Chandler v Village of Spring Val.*, 104 AD3d 847 [2013]; *Matter of Campana v Chiseri*, 242 AD3d 716 [1997]). Pursuant to section 2.02 (1) of the Orange County Charter and Orange County Administrative Code, the Orange County Legislature possesses sole authority to "establish or abolish positions of employment and titles thereof." Here, the County Legislature had not taken any action to abolish the subject positions at the time the County Executive terminated the subject employees' employment. While the Orange County Charter and Orange County Administrative Code give the County Executive the authority to "supervise, direct and control and administer all departments" (Orange County Charter § 3.02 [e]; Administrative Code § 3.02 [e]), they do not give the County Executive the authority to terminate the employment of civil service employees without a proper abolition of the positions by the County Legislature in accordance with the doctrine of legislative equivalency (*see Torre v County of Nassau*, 86 NY2d at 427-428; *see also* 1976 Ops Atty Gen 7, 1976 WL 350099, 1976 NY AG LEXIS 5). Further, County Charter § 4.10 (a) does not authorize the County Executive to undertake any "remedial action" constituting, inter alia, unilateral modification to the budget and/or abolition of legislatively created positions (*see generally Matter of Dutchess County Legislature v Steinhaus*, 56 AD3d 469, 470-471 [2008]; *Suffolk County Assn. of Mun. Empls. v County of Suffolk*, 175 AD2d 202, 203 [1991]; *Matter of Henry v Noto*, 74 AD2d 604, 605, *mod on other grounds* 50 NY2d 816 [1980]). Therefore, under these circumstances, the County Executive did not have the authority to terminate the subject employees' employment for economic reasons, effective October 29, 2010.

Accordingly, the Supreme Court erred in denying the petition pursuant to CPLR article 78 and, in effect, dismissing the

proceeding, and the matter must be remitted to the Supreme Court, Orange County, for a determination of all the benefits the subject employees would have been entitled to had they remained employed for the period from October 29, 2010, to December 31, 2010, and for a calculation of the principal sum of back pay to be awarded to the subject employees in accordance herewith and thereafter for the entry of an appropriate amended judgment. Rivera, J.P., Chambers, Hall and Miller, JJ., concur.