■ In the Matter of LAWRENCE GRANT, Appellant, v TOWN OF LEWISBORO, Respondent. [13 NYS3d 117]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Lewisboro, effective December 31, 2011, which abolished the position of full-time parks maintenance worker, and thereupon to reinstate the petitioner to that position with back pay, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered May 22, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, Lawrence Grant, was employed by the Town of Lewisboro as a maintenance repair worker. In December 2011, he was informed by letter from the Town Supervisor that his employment had been "terminated." The petitioner commenced this CPLR article 78 proceeding to review the Town's determination terminating his employment on the ground that it violated Civil Service Law § 75, and thereupon to reinstate him to his position with back pay.

In answering the petition and submitting the administrative record, the Town produced evidence to show that the petitioner's position was abolished when the Town Board adopted the 2012 Town budget, which eliminated funding for the petitioner's position. The Town also produced the minutes of the Town Board meetings for the months leading up to that determination, which showed that budget negotiations were conducted in an attempt to reduce the Town's spending. Although the petitioner was the only active employee whose position was eliminated, the Town submitted evidence that other town positions were reduced to part-time status, and that the position of a retiring employee also was eliminated. In reply, the petitioner argued that the Town's abolition of his position was done in bad faith in an effort to circumvent the protections of the Civil Service Law.

The Supreme Court subsequently denied the petition and

dismissed the proceeding without a hearing. It held that the Town had abolished the petitioner's position, that the petitioner had failed to sustain his burden of demonstrating that the Town had acted in bad faith, and that the petitioner failed to raise a triable issue of fact requiring a hearing. The petitioner appeals. We affirm.

A public employer may abolish civil service positions to "promote efficiency and economy," provided that the employer acts in good faith (*Matter of Wipfler v Klebes*, 284 NY 248, 254 [1940]; *see Matter of Aldazabal v Carey*, 44 NY2d 787, 788 [1978]; *Matter of Wayne v Vogel*, 20 NY2d 901, 903 [1967]; *Matter of Chandler v Village of Spring Val.*, 104 AD3d 847, 849 [2013]; *Matter of Eugenio v City of Yonkers, N.Y.*, 95 AD3d 1212 [2012]; *Matter of DiSanza v Town Bd. of Town of Cortlandt*, 90 AD3d 659 [2011]). Where a public employer has abolished a position, an employee challenging that determination has the burden of proving that the employer engaged in a bad faith effort to circumvent the Civil Service Law (*see Matter of Aldazabal v Carey*, 44 NY2d at 788; *Matter of Wipfler v Klebes*, 284 NY at 255; *Matter of Chandler v Village of Spring Val.*, 104 AD3d at 849; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d 641, 642 [2007]; *Matter of Rosenthal v Gilroy*, 208 AD2d 748, 749 [1994]). "Bad faith may be demonstrated by evidence that a newly hired person performed substantially the same duties as the discharged employee" (*Matter of Rosenthal v Gilroy*, 208 AD2d at 749; *see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d at 642). "[W]hen there exists a triable issue of fact with regard to bad faith, a full hearing must be held" (*Matter of Rosenthal v Gilroy*, 208 AD2d at 749; *see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d at 642; *Matter of Terrible v County of Rockland*, 81 AD2d 837, 838 [1981]).

Here, contrary to the petitioner's contention, adoption of a municipal budget may properly serve, under certain circumstances, to abolish an employee's position (*see Matter of Heron v City of Binghamton*, 307 AD2d 524, 525 [2003]; *Matter of Terrible v County of Rockland*, 81 AD2d 837 [1981]; cf. *Matter of New York Pub. Interest Research Group v Dinkins*, 83 NY2d 377, 385 [1994]; *Matter of Gallagher v Regan*, 42 NY2d 230, 233-234 [1977]). Furthermore, there is no merit to the petitioner's additional contention that the 2012 town budget did not actually eliminate his position. The line-by-line

explanation of the 2012 budget allocated no funds for the Division of Parks Maintenance Workers of the Department of Parks and Recreation, the division for which the petitioner had worked, and the description of the preliminary budget that was adopted expressly stated that the budget "Eliminate[s] Parks Maintenance Position" (*cf. Matter of Chandler v Village of Spring Val.*, 104 AD3d at 848). The minutes of the Town Board meetings leading up to the adoption of the 2012 budget, which detailed the budget negotiation process, further demonstrated that the petitioner's position was abolished through the enactment of the 2012 town budget (*cf. Matter of Heron v City of Binghamton*, 307 AD2d 524, 526 [2003]).

Since the Town's submissions demonstrated that the petitioner's position was abolished through the enactment of the 2012 town budget, the petitioner had the burden of raising a triable issue of fact as to whether the Town abolished his position in a bad faith effort to circumvent the Civil Service Law (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d at 642). Contrary to the petitioner's contention, the Supreme Court properly determined that he failed to raise a triable issue of fact requiring a hearing (*cf.* CPLR 7804 [h]; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d at 642; *Matter of Rosenthal v Gilroy*, 208 AD2d at 749). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

In light of our determination, we need not address the parties' remaining contentions. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.